This is an appeal by defendant from a judgment of the Eighth Judicial District Court awarding plaintiff compensation at the rate of $20 per week during the period of disability, not to exceed 400 weeks, less compensation paid.
The sole question tendered on this appeal concerns the fixing of the rate of compensation. It is contended on the part of plaintiff that at the time of the accident he was employed by defendant at a rate of pay of 50 cents for the first 40 hours and 75 cents for the next 20 hours per week, constituting a six-day work week of 10 hours per day. On the other hand defendant claims that in the majority of instances plaintiff worked on the average much less than 60 hours per week, and, on this theory, defendant has been paying compensation since the date of the injury at the rate of $16.94 per week.
The evidence taken on this point conclusively establishes the fact that plaintiff was employed as a "flatheader", whose duties consisted of sawing logs; that he was originally paid on the basis of so much per thousand feet; that in March, 1943, the basis of payment was changed to an hourly rate of 40 cents for the first 40 hours and 60 cents for the hours above 40; that in or about May, 1944, the rate was *Page 684 
raised to 50 cents for the first 40 hours and 75 cents for all hours above 40, which rate was in effect at the time of the accident and resulting injury, which occurred on January 2, 1945; that there was no contract of employment calling for a specific number of work days per week nor a specified number of hours per day; but the testimony preponderates to the effect that the ordinary normal and expected weekly period of employment was six days of 10 hours per day.
It is quite true that the office manager of the defendant testified plaintiff was paid only for hours actually worked and not on a uniform basis of a 60-hour week, but this witness testified under cross-examination that a full work day consisted of 10 hours. Although he refused to testify directly as to the number of days that constituted a work week, he did admit that in case the company needed logs the flatheaders worked six days per week.
Counsel for defendant strenuously argues that the time sheets introduced in evidence disclose the fact that in the majority of the weeks during plaintiff's employment he worked much less than 60 hours per week, and, citing the several provisions of the compensation statute with emphasis upon the reference to the word "wages" in the computation of compensation, insists that the 60-hour week should not be made the basis of the compensation award. Under the facts of this case we cannot agree with this line of reasoning.
The logging business is seasonal but the facts in the case before us are convincing to the effect that plaintiff expected to work 10 hours per day six days per week and actually did work 10 hours per day six days per week, weather permitting and the need for logs by his employer existing.
In Rylander v. T. Smith Son, Inc., 177 La. 716,149 So. 434, and Calhoon v. Meridian Lumber Co., 180 La. 343,156 So. 412, the Supreme Court construed the usual and normal work week to be six days. In Ricks v. Crowell Spencer Lumber Co., Inc., La. App., 189 So. 466, the Court of Appeal of the First Circuit, despite testimony to the effect that the employees in wood operations of the defendant in that case usually worked not more than three or four days per week, allowed recovery on the basis of six days per week. This court in Brown v. Furr, La. App., 19 So.2d 283, though denying recovery for a six-day week under the facts of the particular case, reiterated the principle of the normal six-day week and expressly stated that employment at an hourly rate had no effect upon the application of such principle.
[1] No inflexible rule can be accepted as a guide for the determination of this point, but the facts developed in each particular case must be accepted as controlling.
[2] Under the facts in the instant case we are of the opinion that recovery was properly allowed on the basis of a six-day week of 10 hours per day.
For the reasons assigned, the judgment appealed from is affirmed at appellant's cost.