**165 So. 129**

**BARR v. UNITED GAS PUBLIC SERVICE CO. et al.**

**No. 33623.**

Dec. 2, 1935.

Rehearing Denied Jan. 6, 1936.

Madison, Madison & Fuller, of Bastrop, for relators.

Hawthorne & Files, of Bastrop, for respondent Mrs. Mabel Watts Barr.

LAND, Justice.

Plaintiff is the widow of Charles S. Barr, a late employee of the United Gas Public Service Company, which is engaged in drilling and operating gas wells throughout Ouachita parish, and maintains and operates pipe lines throughout that parish for the distribution of natural gas to various cities throughout the United States.

On July 22, 1934, and for several months prior thereto, Charles S. Barr, husband of plaintiff, was employed by defendant gas company near Sterlington in Ouachita parish. He was engaged in clearing a

right of way for a pipe line, when the cable or rope, which was being used for pulling and moving a stump, broke or slipped, and the steel hook on the end of the rope or cable struck Barr in the abdomen with great force. Under instructions of the officers and agents of defendant company, he was taken to St. Francis Sanitarium in Monroe, La., where he died on July 31, 1934, as the result of the injuries.

Plaintiff, as dependent widow of Charles S. Barr, claims that she is entitled to receive, as benefits, compensation in this case in the sum of $7.80 a week, on the basis of 32½ per cent. of $24 a week of 6 days, at 40 cents an hour, for a period of 300 weeks.

On the other hand, defendant company, which was operating under the Proposed Gas Code, one of the codes established during the National Industrial Recovery Act, 48 Stat. 195, contends that, since under that Code the maximum work week was 40 hours, and the maximum wages of Charles S. Barr, the employee, were fixed at 40 cents an hour, the compensation should be fixed at $5.20 a week, or 32½ per cent. of $16 a week, which ordinarily was divided into 4 working days of 10 hours each.

The case was tried in the district court upon an "Agreed Statement of Facts," and judgment was rendered in favor of plaintiff and against defendants, United Gas Public Service Company and the Fidelity and Casualty Company of New York, in solido, in the sum of $5.20 a week for a period not to exceed 300 weeks, payable weekly, beginning July 22, 1934, with 5 per

cent. per annum interest on each weekly installment from the time due until paid, and for all costs of this suit.

The claim of defendants for reimbursement of excess medical expenses paid in the sum of $117.50 was rejected.

The Court of Appeal, Second Circuit, 162 So. 448, amended this judgment by increasing the weekly installments to $7.80 a week, and otherwise affirmed the judgment.

In other words, the basis of compensation was fixed by the Court of Appeal at 32½ per cent. of $24 a week of 6 days, at 40 cents an hour, for a period of 300 weeks.

This judgment is now before us for review under the writ of certiorari herein granted.

The sole issue in this case, as stated in the "Agreement of Facts," is whether compensation payments should be calculated upon the basis of a weekly wage of $16, being 40 cents an hour for 40 hours a week, or upon a weekly wage of $24, being $4 a day for a week of 6 days.

It is admitted in the agreed statement of facts that plaintiff is the lawful wife of Charles S. Barr, deceased, and is entitled to compensation for 300 weeks, beginning July 22, 1934, for which payments both defendants herein are liable in solido.

It is admitted also that, during the entire time of employment of Charles S. Barr by the United Gas Public Service Company, that company was operating under the provisions of the National Industrial Recovery Act, and under what is

known as the Proposed Gas Code of the American Gas Association; that, under that Code, decedent was employed to work at the rate of 40 cents an hour, not to exceed 40 hours a week, which was ordinarily divided into 4 working days of 10 hours each; and that he was not permitted, under the Code, to work for any other person or company engaged in the same type of work any additional time, as long as the Code remained in effect.

It is not stated in the "Agreed Statement of Facts" that decedent did any other work of any other type while employed by defendant company.

Regardless of how many days in each week decedent may have worked, his compensation was definitely fixed under the Code at the maximum of 40 cents an hour for a maximum of 40 hours a week, or at a wage not to exceed $16 per week. We therefore find no good or sufficient reason to justify the Court of Appeal in amending the judgment of the district court by increasing the weekly wage of decedent to $24 a week and providing for the payment of $7.80 weekly to the widow of decedent.

The contract of employment in this case, and the fixing of the weekly wage to be paid decedent, were made and agreed upon under the provisions of the Proposed Gas Code of the American Gas Association.

It is shown to be the only contract that existed during the term of decedent's employment and at the time of his death.

It is also admitted in the "Agreed Statement of Facts," article 1, that, the occupation of decedent being hazardous within the purview of the Workmen's Compensation Act (Act No. 20 of 1914, as amended), "this case is governed solely by that act."

It is further admitted in the "Agreed Statement of Facts," article 2, that the widow of decedent is entitled to benefits, as dependent widow, amounting to 32½ per cent. of the weekly wage of Charles S. Barr, for a period not exceeding 300 weeks, beginning July 22, 1934.

We are at a loss, therefore, to understand in what way the continuance of these payments for 300 weeks, under the Workmen's Compensation Act of this state, can be or are affected by the fact that the National Industrial Recovery Act was a temporary emergency act; or by the fact that the act would have expired on June 16, 1935, within less than eleven months' time after the first payment to plaintiff began; or by the fact that the act was declared unconstitutional by the Supreme Court of the United States in the case of A. L. A. Schechter Poultry Corp. v. United States of America, 295 U.S. 495, 55 S.Ct. 837, 79 L.Ed. 1570, 97 A.L.R. 947.

The Proposed Gas Code, under which the United Gas Public Service Company operated, is not a Federal Workmen's Compensation Act, and the continuance, under the Workmen's Compensation Act of this state, of the payments of the weekly installments to the widow of decedent, in no possible way, depends upon the former federal legislation, or its nature, or its prolongation. The provisions of the Proposed

Gas Code were merely the statutory standard used in the case, by which the weekly wages of decedent were necessarily gauged and determined. And, now that the employee of defendant company is dead, we do not see in what legal way the contract of employment between the parties can be changed, unless this court should attempt to write a new contract for them.

Our conclusion, therefore, is that the judgment of the district court of Ouachita parish is correct.

It is therefore ordered that the judgment of the Court of Appeal, Second Circuit, 162 So. 448, be annulled and set aside. It is now ordered that the judgment of the district court of Ouachita parish be reinstated and affirmed; that plaintiff pay the costs of this court; and that defendants pay the costs of the lower court.