## RICKS v. CROWELL & SPENCER LUMBER CO., Inc.

### No. 1985.

Court of Appeal of Louisiana. First Circuit.

June 6, 1939.

Julius T. Long, of Shreveport, for appellant.

Gist & Thornton, of Alexandria, for appellee.

LE BLANC, Judge.

This is an appeal from a judgment which sustained an exception of prematurity in a compensation suit. The plaintiff was employed by the defendant lumber company, his work being in the woods where the defendant did its logging. He was injured while hooking tongs at a steam loader. A rolling log struck his lower right leg, causing a compound fracture which seriously injured him. He was earning 32¢ per hour for an eight hour day or the sum of $2.56 per working day.

There is no dispute as to the nature of his employment and the daily rate of pay which he was receiving. The defendant immediately started to pay him compensation at his daily rate of pay but based on a five day week. It was paying him on this basis at the time he filed his suit and relies upon the payments for its plea of prematurity under Section 18 of the Workmen's Compensation Law, Act No. 20 of 1914. The plaintiff however claims that that isn't the maximum compensation he was entitled to as he contends he should have been paid on the basis of a six day

week. There is a dispute, he alleges in his petition, between him and the employer on this basis and therefore he is entitled, as he contends, to have the question litigated and to obtain judgment on his claim.

When the defendant filed its plea of prematurity it set out in the plea, as it was proper for it to do under the provisions of Section 18 of the Act, that the question as to whether they were paying the maximum compensation or not should be determined by the court before proceeding with the hearing of the other issues involved. In connection with the plea defendant also filed its answer but as we view it, the only issue raised therein is the same as was presented under the plea.

The lower court heard evidence on the plea and having reached the conclusion that plaintiff had not shown that he worked six days per week and that in fact under the contract of employment existing between him and the employer it was understood that he was not to work more than five days per week it sustained the plea and dismissed the suit.

In this court plaintiff, through his counsel, has filed a plea to the constitutionality of Section 18 of Act No. 20 of 1914, urging that under the provisions of that Section there is a discrimination in favor of the employer and it is therefore violative of Section II of Article 1 of the Constitution of Louisiana and also of the Fourteenth Amendment of the Constitution of the United States, U.S.C.A.

The plea is strenuously urged before this court but can not be considered by us, having never been urged or filed in and passed on by the lower court. In his brief counsel for plaintiff contends that it can be considered and refers us to the cases of Veasey v. Peters, 142 La. 1012, 77 So. 948, and State v. Winehill & Rosenthal, 147 La. 781, 86 So. 181, for authority.

In the first of these two cases it was not a plea of constitutionality but an exception of no cause of action which the court had under consideration. Whilst it is true that there was involved in the exception the question of the constitutionality of the compensation statute under the circumstances set forth in the record, it is clear that the exception was treated entirely as one of no cause of action and could not be said to have been a plea to the constitutionality of the act itself.

In the second case cited the court held, as we view it, that the refusal of the lower court to pass on the merits of a plea of unconstitutionality of the statute under which plaintiff was proceeding and the overruling of that plea on the ground that it was filed too late, did not preclude the appellate court from passing on the merits of the plea. Neither of these two cases therefore, do we think, support the contention of the plaintiff in this case.

On the other hand, looking to other cases we find that of Succession of Fachan, 179 La. 333, 154 So. 15, 17, in which the Supreme Court specifically held that it was unable to consider the discussion concerning the constitutionality of the act under consideration for the reason that plaintiffs had not raised the question of constitutionality in the lower court. "Unless the constitutionality of a statute is raised in the trial court in a civil case, an appellate court, as is well established, cannot consider it." To the same effect see, also, the cases of Southern Amusement Company v. City of Jennings and two companion cases, all reported in 180 La. 800, 157 So. 720. Also see the very recent case of Causey v. Opelousas-St. Landry Securities Company decided by the Supreme Court on April 3, 1939. We have no doubt that these cases dispose entirely of the plea as presented for the first time in this court and that we are without right to give it any consideration whatever.

This takes us then to the merits of the plea of prematurity and on this plea we are confronted solely with the question whether there was a contract of hiring between the employer and the employee in existence at the time of the latter's injury under which the employee was working with the understanding that he would not have more than five days' work per week for any given week.

The testimony of J. F. Daniels, loader foreman for the defendant, is the most important on this the only point involved in the case. It is to the effect that none of the employees in the wood operations had ever worked six days per week since the year 1929. In fact, the work in the woods was more regularly from three to four days per week, once in a while, five. This witness says that the plaintiff worked for the company a few days in 1925 and was re-employed in 1937 and that when he was employed this last time he asked the

time he would make and was told three or four days a week. Plaintiff said he would like to put in more time but was told that they seldom worked more than four days. The timebook bears out this witness's testimony with regard to the time plaintiff worked. The testimony of M. E. Wooley, timekeeper, who also made the pay rolls is to the effect that not a single week in five years did the loading crew work over five days per week.

The district judge, on this testimony, came to the conclusion that plaintiff who had actually worked with knowledge of these conditions had acquiesced in a contract fixing the working week at not more than five days and had accepted the same by going to work under those conditions. "It was a tacit acceptance to say the least," states the district judge in his written opinion. On the authority of Durrett v. Unemployment Relief Committee, La. App., 152 So. 138, Barr v. United Gas Public Service Corporation, 183 La. 873, 165 So. 129, and Benoit v. American Mutual Liability Insurance Corporation, La.App., 162 So. 603, he held that there was a specific contract of hiring between plaintiff and his employer limiting the number of days plaintiff was to work per week to five and therefore he was being paid the maximum compensation he was entitled to.

In each of the cases mentioned the injured employee worked for some governmental agency or for an employer whose work was regulated by one of such agencies. Under the laws which created them these agencies promulgated certain rules and regulations under which the employee had to work. His working hours and days were fixed and the work he did under these rules was the only work that he could do. It is well known that the object of the government in creating these bodies was to more widely distribute work and give more people employment, because of the serious economic conditions prevailing in the country. The employee who accepted work under the rules and regulations of these bodies was limited to the number of hours and days fixed and he could not, as suggested in King v. American Tank & Equipment Corporation, La.App., 144 So. 283, the employee in that case could, engage in some other employment for the remaining days of the week in order to work the whole week of six days.

■■ We do not pretend to hold here that there would be any difference, in re-lation to compensation insurance, between government employees or employees working under certain rules and regulations promulgated by governmental agencies, and those in private employment, in the absence of such definite rules and regulations as have been referred to. Suffice it to say that a difference does exist between the present case and those cited, in that, in this case, the employee's wages were fixed and he was paid by the hour at so many hours per day, and beyond the testimony which we have referred to there is nothing in the record to show that plaintiff was restricted to any given number of days' work per week. The compensation law which has to be construed liberally in favor of the employee contemplates more than his mere tacit acceptance by working and accepting pay under the conditions appearing herein, in order to create a contract of hiring under which the number of days per week would be limited beyond the six day week which is held to be the usual and normal working week by the Supreme Court in the cases of Rylander v. T. Smith & Son Inc., 177 La. 716, 149 So. 434, and Calhoon v. Meridian Lumber Co., 180 La. 343, 156 So. 412. Reference is made by counsel for defendant to the Federal Wage and Hour Law (Fair Labor Standards Act 1938), 29 U.S.C.A. § 201 et seq., which fixes new working hours and days in manufacturing industries, but as this law is not invoked in connection with the plaintiff's employment in this case and is merely referred to by counsel in their brief, we are unable to give it any consideration.

■■ We are of the opinion that the ruling in the last two cases just referred to governs the present and that plaintiff should have been paid compensation on the basis of six days instead of five days per week. It follows therefore that he was not receiving the maximum amount to which he was entitled and he was justified in presenting his demand to the court. The plea of prematurity should have been overruled and judgment rendered in his favor for compensation as prayed for. In his petition plaintiff alleged that he had incured medical and other expenses for treatment beyond the sum of $50 which defendant expended for him and that he is therefore entitled to recover $200 additional on this item. He also asks that the fees of the experts he will have to summon to prove the nature and extent of his injuries be fixed and taxed as costs and also that

the fee of his attorney be fixed at one-fifth of the net amount to be recovered by him.

Plaintiff offered no proof whatever to substantiate his claim for additional medical and hospital expenses and it was unnecessary for him to summon experts as alleged by him. These demands therefore can not be considered.

It is, for the reasons stated, now ordered that the judgment appealed from, which sustained the plea of prematurity and dismissed the plaintiff's suit, be and the same is hereby reversed, set aside and annulled and it is further ordered that there be judgment herein in favor of the plaintiff and against the defendant overruling the plea of prematurity filed by the said defendant and that it be now condemned to pay to the plaintiff compensation at the weekly rate of $9.98 for a period not exceeding four hundred weeks, beginning January 5, 1938, with legal interest on all parts of weekly payments due and unpaid to date, less all sums heretofore paid by it. It is further ordered that the fee of the attorney for plaintiff be fixed at 20% of the net amount to be recovered under this judgment. Defendant to pay all costs.