**SPILLERS v. JONESBORO GIN CO., Inc., et al.**

**No. 5975.**

Court of Appeal of Louisiana. Second Circuit.

Dec. 1, 1939.

Rehearing Denied Jan. 5, 1940.

Certiorari Denied Feb. 5, 1940.

Julius T. Long, of Shreveport, for appellant.

Theus, Grisham, Davis & Leigh, of Monroe, for appellees.

HAMITER, Judge.

Plaintiff was operating a cotton gin press on August 26, 1937, for and in the employ of the Jonesboro Gin Company, Inc., and experienced a crushing of the tips of some of the fingers on his left hand. He was known as a press helper, and for the services rendered a wage of $3 per day was paid to him.

The physician to whom he was sent found it necessary to and did amputate the distal phalanges of the ring, middle and index fingers of that hand. Medical treatment followed, and on October 29, 1937, he was discharged as being completely cured and able to work.

On November 4, 1937, he resumed work for said employer, and continued in the same position and received the same wage until the ginning season ended on December 18, 1937. For the intervening treatment period, which was ten weeks, he received compensation of $11.70 a week, admittedly the correct amount, or a total of $117. Also, the cost of medical expenses and necessary transportation was paid for him.

In 1938, he engaged in farming until the ginning season began in the fall, at which time he became superintendent of the gin at a wage of $90 per month, or about $4 per day. The duties of that position were being performed by him when this case was tried on December 15, 1938.

In this suit, which was brought under the Louisiana Employer's Liability Act against the employer and its insurer, plaintiff seeks a judgment for compensation of $11.70 per week for a period of 400 weeks, less the amounts previously paid to him.

Defendants admit that he received the above described injury, necessitating the amputation of the distal joints of the mentioned three fingers. They aver, however, that no disability existed after the ten weeks' treatment period and that they have paid all compensation and expenses required of them by law. Hence, liability is denied.

The trial court rejected plaintiff's demands and dismissed the suit at his cost. This appeal followed.

■ The evidence conclusively shows that since the discharge of plaintiff by the physician he has successfully carried on his work with the defendant employer and has experienced no reduction in his wages. In fact, a more desirable and remunerative position was thereafter given him. Therefore, it cannot be correctly said that he is disabled to do work of any reasonable character, and entitled to be paid under the general disability provisions of the compensation act.

Neither is recovery permitted under those provisions of the statute which deal exclusively with specific injuries to members, for they do not direct the payment of compensation for the loss of fewer than two phalanges of any finger except the thumb; and plaintiff has lost no more than one phalanx of any finger.

■ In our compensation statute, being Act No. 20 of 1914, as amended by Act No. 242 of 1928, and occupying a position following the general disability and specific injury clauses, thereof, is a provision known as subdivision 1(d) 16 of section 8. This reads: "In cases not falling within any of the provisions already made where the employee is seriously permanently disfigured about the face or head or where the usefulness of a physical function is seriously permanently impaired, the Court may allow such compensation as is reasonable and as is in proportion to the compensation hereinabove specifically provided in the cases of specific disability, not to exceed sixty-five per centum of wages during one hundred weeks."

In our opinion the quoted statutory provision was enacted and intended by the lawmakers to care for a situation such as the one with which we are now dealing, and this plaintiff is entitled to the benefits provided by it. The preceding clauses are inapplicable, as before stated; and we think, and the evidence discloses, that his misfortune has resulted in a serious and permanent impairment of the usefulness of a physical function.

The injuries were to his left hand and, according to the proof, such member had been favored by him in practically all of his work. Naturally, the grip in the hand is not nearly so strong since the distal joints of the three fingers have been removed. In carrying on farming operations and performing manual labor, which must be done between the ginning seasons, he is considerably handicapped. The injury furnishes interference in picking cotton, chopping wood, plowing, applying nuts to bolts, and in numerous other necessary tasks.

It is true that plaintiff, as before shown, subsequently obtained the position of superintendent of the cotton gin; but according to the employer's general manager he is not there required to do the same amount of work with his hand as he did before the injury.

Of course, we realize that our holding herein appears to be in conflict with the decision of the Supreme Court in Odom v.

Atlantic Oil Producing Co., 162 La. 556, 110 So. 754. In that case the compensation claimant had lost one phalanx of the index finger, the first phalanx and part of the second phalanx of the second finger, and part of the first phalanx of the third finger; and the court said that he could not recover compensation under clause (e) of subsection 1 of section 8 of the Compensation Statute, as amended by Act 216 of 1924, which clause was substantially identical with the one above quoted from Act 242 of 1928. The Odom case was decided in the year 1926, however, and since that time our highest tribunal, as well as the other appellate courts, has been more liberal in the interpretation of the provisions of the Louisiana Employer's Liability Act; and it is because of this greater liberality that has been lately shown that we dare to disagree with and disregard such decision.

For injuries covered by the clause under consideration there may be awarded reasonable compensation proportionate to that provided by the statute in the cases of specific disability, not to exceed sixty-five per cent of wages during 100 weeks. If plaintiff had suffered the entire loss of his hand, the compensation stipulated by the applicable specific injury provision would be $11.70 per week, or sixty-five per cent of his weekly wages, for 150 weeks— a total of $1,755. There is medical testimony in the record showing that he has sustained about a thirty-three and one-third per cent impairment to his hand; and from a layman's standpoint this estimate seems correct. Consequently, we think a total award of $585, or one-third of said sum of $1,755, would be reasonable and proper, such to be in addition to the compensation already paid him for the ten weeks' total disability. This amount, when extended over a period of 100 weeks as the statute directs, would figure $5.85 per week.

The judgment of the trial court is therefore reversed and set aside and there is now judgment in favor of plaintiff, Albert L. Spillers, and against the defendants, Jonesboro Gin Company, Inc., and the Traders and General Insurance Company, in solido, for compensation of $5.85 per week for and during a period of 100 weeks, beginning November 4, 1937, together with legal interest on each of such payments from its maturity until paid. The defendants shall pay the costs of both courts.