HARDY, Judge.
This is a workman’s compensation claim asserted by plaintiff against his employer and its insurer, in which plaintiff employee seeks recovery of benefits under the compensation statute for the loss of a portion of the index finger on his left hand. After trial there was judgment in favor of defendants rejecting plaintiff’s demands, from which he prosecutes this appeal.
The material facts are entirely without dispute. Plaintiff, a tractor driver employed in plantation operations of the defendant Hunter Company, sustained an accidental injury by reason of which the distal phalanx of the index finger of his left hand was torn off. In curative oper *241 ative procedure it was found necessary to amputate- a portion of the second phalanx of the digit in order to remove jagged bone. As a result of the accident and the surgical amputation plaintiff has sustained the loss of the distal phalanx and approximately one-half of the middle phalanx of the finger. It is shown that plaintiff is naturally left-handed, and that, although he can continue in the course of his employment as a tractor driver, his facility in the repair of the machine, the removal and attachment of parts, etc., will be somewhat limited as the result of the injury. Plaintiff was paid for the period of disability during which he was unable to perform his work, together with expenses of medical attention, and the sole point here involved is plaintiff’s right to additional compensation.
It is urged on behalf of plaintiff that he has sustained a serious permanent impairment of the physical function of his left hand, and is therefore entitled to judgment in the sum of $12.48 per week (65% of his wages) during a period of one hundred weeks. Alternatively, that he is entitled to compensation for the loss of the use or function of one-half of the index finger of his left hand and should be compensated at the rate of $6.24 per week for a period of thirty weeks. Admittedly defendants are entitled to credits for amounts paid.
The portions of the workman’s compensation statute which may be considered applicable are found in LSA-R.S. 23 .T221 (4) and read as follows:
“(4). In the following cases the compensation shall be as follows:
******
“(b) For the loss of a first finger, commonly called the index finger, sixty-five per centum of wages during thirty weeks.
******
“(k) The loss of the first phalanx of the thumb or big toe, or two phalanges of any finger or toe, shall be considered to be equal to the loss of - one-half of such member, and the compensation shall be one-half of the amount above specified.
******
“(o) In all cases involving a permanent. partial loss of the use or function of the members mentioned herein-above, compensation shall bear such proportion to the amounts named herein for the total loss of such members as the disability to such members bears to the total loss of member, provided that in no case shall compensation for an injury to a member exceed the compensation payable for the loss of such member.
“(p) In cases not falling within any of the provisions already made, where the employee is seriously permanently disfigured about the face or head,- of where the usefulness of a physical function is seriously permanently impaired, the court may allow such compensation as is reasonable and as in proportion to the compensation herer inabove specifically provided in the cases of specific disability, not to exceed sixty-five per centum of wages during one hundred weeks;”
Concededly one or the other of these provisions must be considered applicable.
Defendants urge that plaintiff has not sustained any loss as specifically enumerated in the above sections (b) and (k), and that he is therefore not entitled to compensation under the general provisions of (o) and (p).
It is obvious, of course, that plaintiff has not sustained the loss of the index finger, nor has he sustained that character of loss which is arbitrarily designated under the provisions of the statute as being equivalent to the loss of one-half of the finger. But it is also equally apparent that it is a reasonable and practical impos *242 sibility for the statute itself to cover every possible character of loss which may be accidentally sustained, and to enumerate finger by finger, joint by joint, and partial joint by partial joint the allowance which is to be made by way of compensation. For this reason, unquestionably, paragraphs (o) and (p) were inserted in order to permit the courts to arrive at what might be considered a just and reasonable computation of loss which does not fall directly within the strict and narrow confines of the specific provisions.
In the instant case it appears only reasonable to conclude that plaintiff has sustained a loss of use and function of one-half of the index finger of his left hand. This detriment is continuous in nature and will cause at least a reasonable amount of discomfort and inconvenience over a considerable period of time. Such a factor cannot be adequately compensated, as contended by the defendants, solely by the allowance for loss of time which was the immediate effect of the injury.
We think the facts which were considered in Spillers v. Jonesboro Gin Co., Inc., La.App., 193 So. 509, more nearly approach those under consideration than any other case. The opinion of Mr. Justice Hamiter, then sitting as a member of this court, resolved the issue in favor of plaintiff.
We think the ends of justice in the instant case can best be served by a recognition of the discretion imposed in the court under the authority of subsection (o) of the statute as above set forth.
For the reasons assigned the judgment appealed from is reversed and set aside and there is now judgment in favor of plaintiff, Versie Jones, and against the defendants, The Hunter Company, Inc. and Globe Indemnity Company, in the sum of $6.24 per week for a period of thirty weeks, subject to proper credits for amounts heretofore paid, together with all costs.