HAMITER, Justice.
Plaintiff, Mrs. Irma L. Hoffman, is the widow of Arthur J. Hoffman who died as the result of injuries allegedly sustained while employed as a roofer by the defendant, the City of New Orleans. Following such death she instituted this suit for recovery under the Louisiana Workmen’s Compensation Law. The defendant, in its answer, denied liability.
In the district court judgment was rendered in plaintiff’s favor for 400 week’s compensation, and from it the defendant appealed to the Court of Appeal.
The latter court affirmed the judgment insofar as defendant’s liability was concerned; but it reduced the amount of the award, concluding that the compensation should be computed on a five day week instead of on a six day week as was done by the district judge. Thereupon plaintiff successfully applied to us for a writ of certio-rari, she complaining that use of the five day week was improper. No application for a writ respecting the question of liability was made by the defendant.
Consequently, the sole question presented here for our consideration is whether the Court of Appeal correctly computed plaintiff’s compensation on a five day, rather than a six day, week.
Admittedly, for several years prior to his death the decedent was employed under a five day per week contract of hiring and actually so worked. And because of that situation the Court of Appeal concluded, as before stated, that the weekly payments should be fixed on a five day basis, it relying principal^ on Barr v. United Gas Public Service Company et al., 183 La. 873, 165 So. 129 and Cage v. Fidelity and Casualty Company of New York, La.App., 117 So.2d 923 (one of its own decisions). But such conclusion is not in keeping with numerous decisions of this court commencing with the landmark case of Rylander v. T. Smith and Son, Inc., 177 La. 716, 149 So. 434, 435.
*775 In the Rylander case the injured employee had worked irregularly for the defendant, and whenever he did so work it was for less than six days per week. Nevertheless, the compensation payments awarded were based on his average daily wage multiplied by six, this being the number of days he possibly could have secured employment. In this connection we said: “ * * * The workman’s compensation statute is not a statute allowing the workman damages for injuries sustained in the course of his employment even through the negligence or fault of his employer. It is essentially insurance against the loss or diminution of earning capacity, * * And the theory of such decision, including the six day per week method of computing compensation, has been adhered to consistently by this court. Calhoon v. Meridian Lumber Company, Inc., 180 La. 343, 156 So. 412; Jarrell v. Travelers Insurance Company, 218 La. 531, 50 So.2d 22 (where the employee worked under a contract of hiring for one day a week) ; Troquille v. Lacaze’s Estate et al., 222 La. 611, 63 So.2d 139; Caddo Contracting Company v. Johnson et al., 222 La. 796, 64 So.2d 177; Carrington v. Consolidated Underwriters, 230 La. 939, 89 So.2d 399; and Farley v. Ryan Stevedoring Company, Inc., 238 La. 1048, 117 So.2d 587.
Particularly appropriate here is Carrington v. Underwriters, supra. Therein, the injured employee, as pointed out by the defendant, often had worked six days per week. However, in a per curiam opinion, rendered on our refusal to grant a rehearing, we plainly exhibited a declination to base our use of the six day week on the factual finding that plaintiff had actually worked six days of the week. Thus, we said [230 La. 939, 89 So.2d 404]: “LSA-R.S. 23:1021(11) has been a source of repeated confusion. In the case of Rylander v. T. Smith & Son, Inc., * * * we stated that one of the purposes of the Workmen’s Compensation Statute was to insure the employee against the loss or diminution of earning capacity. We held that compensation should be based upon the number of days the workman could have secured employment had he not been injured. The test employed was ability to work. * * * In Jarrell v. Travelers Ins. Co., * * * we attempted to straighten out apparent difficulties and clarify our former decisions. We held that an injury had the effect of depriving a workman of his ability to work at full time employment in the future, and that he should be compensated! on a six day work week. The ability to work test was again employed in Troquille v. Lacaze’s Estate * * *.
* * * * ‡ *
“After determining an employee’s daily wage, the six day week is to be employed in calculating his weekly wage. If he is injured, he is deprived of this ability to work six days per week, and remuneration is awarded him for this deprivation. This test must be applied regardless of the number of days he works for the particular employer, by whom he is employed at the time of his injury.”
Accordingly, it cannot be denied that the consistent holding of this court has been that compensation payments are to be computed on the basis of a six day week, rather than on the number of days the injured employee had actually worked and regardless of whether his work was intermittent or there was a specific contract of hiring for less than six days per week.
The plaintiff herein, with much force, contends that our decision in Barr v. United Gas Public Service Company et al., supra (relied on by the Court of Appeal), has been impliedly overruled by the above cited later cases. However, we do not find it necessary to pass on that contention inasmuch as the present controversy is clearly distinguishable. There the earning capacity of the employee was limited by law to the number of hours he worked for his employer (four working days per week of ten hours each). And as noted by the court [183 La. 873, 165 So. 130]: “ * * * he was not permitted, under the Code, to work for any other person or company *776 engaged in the same type of work any additional time. * * * ” But here the earning capacity of the decedent was not so restricted by law to a five day week. He could have, and possibly he may have, obtained spare time employment as a roofer on the sixth day when not working for the defendant. Whether we shall hereafter adhere to the Barr decision can be decided if and when litigation presenting the same circumstances comes before us.
Moreover, we are not bound by the Court of Appeal decision in Cage v. Fidelity and Casualty Company of New York, supra. In fact, we hardly consider it persuasive in view of the numerous holdings of this court to which it runs counter.
For the reasons assigned the judgment of the Court of Appeal is amended by increasing the rate of compensation to which plaintiff is entitled from $21.08 per week to $25.36 per week, and as thus amended such judgment is affirmed.
HAMLIN, J., takes no part.