TATE, Judge.
The plaintiff-employee was awarded workmen’s compensation benefits for total and permanent disability. An appeal was taken by the defendant, his employer’s insurer. The plaintiff answers the appeal, requesting that, in addition to compensation benefits, he be awarded penalties and penalty attorney’s fees for arbitrary non-payment of compensation due.
The three issues before us on appeal concern: (1) the plaintiff’s residual disability; (2) the weekly compensation rate; and (3) the disallowance of penalties and attorney’s fees allegedly due because of the insurer’s arbitrary non-payment of compensation benefits, LSA-R.S. 22:658.
Without detailed discussion of the facts, we will simply state that we have concluded that the trial court has correctly resolved all of these issues in its excellent written reasons for judgment.
Our affirmance of the trial court’s judgment is based upon the following conclusions :
1. The preponderance of the medical evidence, corroborated by the lay testimony, shows that the plaintiff has suffered a weakened back as a result of a minimal disc rupture caused by the accident, because of which he is unable to perform the arduous duties in which formerly employed without substantial pain or without the hazard of causing a more serious rupture of the intervertebral disc in his back. ' This disability has persisted since the accident and will extend indefinitely into the future. The claimant is therefore entitled to compensation for total and permanent disability, as awarded. Reed v. Calcasieu Paper Co., 233 La. 747, 98 So.2d 175; Stockstill v. Bituminous Casualty Corp., La.App. 4 Cir., 144 So.2d 918, certiorari denied; Mitchell v. Travelers Ins. Co., La.App. 3 Cir., 136 So. 2d 143, certiorari denied.
2. Even though the claimant actually worked a shorter work week, the trial *438 court correctly awarded maximum weekly compensation on the basis of the uncontra-dicted evidence that the plaintiff’s normal daily rate of pay was $9.00, then calculating the weekly wages on the basis of a six-day week for purposes of arriving at the weekly compensation rate. Hoffman v. City of New Orleans, 240 La. 943, 125 So.2d 774; Carrington v. Consolidated Underwriters, 230 La. 939, 89 So.2d 399; Collins v. Southern Pulpwood Ins. Co., La.App. 3 Cir., 138 So.2d 638, certiorari denied; Darby v. Johnson, La.App. 1 Cir., 118 So.2d 707.
3. The question of the disallowance of penalties and attorney’s fees is very close.
The insurer initially terminated compensation on the basis of an oral report of the attending physician to the effect that the claimant was able to return to work. Upon the claimant’s attempt to return to work three days later and the immediate remani-festation of disability symptoms, this physician withdrew his earlier opinion of a cure and found the claimant to be still disabled, as did an orthopedist to whom the claimant had been referred. However, definite medical findings to such effect were not communicated by these physicians to the defendant until somewhat later. During this same interval, another orthopedist to whom the defendant referred the claimant found him to be free of disabling symptoms on his single examination.
The claimant’s attorney forcefully urges that the defendant was not entitled to continue to rely upon this single examination of a non-attending specialist in the face of subsequent examinations by the attending orthopedist and of a neurologist, both of whom found the claimant to be disabled. Nevertheless, considering all the circumstances and the nature of the minimal findings initially, we do not find that the trial court abused its discretion in refusing to allow penalties for the arbitrary' non-payment of compensation because of this conflict 'in the medical testimony; nor in refusing to hold the insurer arbitrary for having. paid the initial few weeks of compensation during admitted disability at slightly less than the correct rate, in the absence of the deficiency having been specifically called to the defendant’s attention and of specific demand having been made for these few dollars’ total deficiency.
For the foregoing reasons, the judgment of the trial court is affirmed, at the cost of the defendant-appellant.
Affirmed.
On Application for Rehearing..
En Banc. Rehearing denied.