152 So.2d 215 (1963)
Hubert D. SPENCER
v.
KAISER ALUMINUM AND CHEMICAL CORPORATION.
No. 805.
Court of Appeal of Louisiana, Fourth Circuit.
April 1, 1963.
Rehearing Denied May 6, 1963.
Certiorari Refused June 14, 1963.
*216 Thomas F. Jordan, New Orleans, for defendant-appellant.
Dodd, Hirsch, Barker & Meunier, Wilfred H. Boudreaux, New Orleans, for plaintiff-appellee.
SAMUEL, JOHNSON and HALL, JJ.
SAMUEL, Judge.
This is a suit for workmen's compensation. Plaintiff seeks to recover benefits under the act in the amount of $10.00 per week for 200 weeks for an alleged 10% permanent loss of use of an arm, which in turn allegedly resulted from the loss of a portion of an index finger, together with penalties and attorney's fees. The trial court judgment allowed compensation as prayed from the date of the accident and also awarded penalties, 12% on all overdue payments, and attorney's fees in the sum of $1,000.00, together with legal interest from judicial demand on all past due installments and costs. Defendant has appealed.
The accident occurred on June 30, 1960 during the course and scope of plaintiff's employment by the defendant as an automotive mechanic. He sustained an accidental, crushing injury to the index finger of his right hand resulting in the amputation of a portion of the distal phalanx, specifically a loss of 5/16 of an inch of the distal phalanx of the right index finger. He was placed on light work for approximately five weeks and paid his regular salary during that time, thus receiving the full amount of his regular salary at all times. He returned to full duty on August 5, 1960. Although he testified that he has some "numbness" in the tip of the injured finger, there is no dispute over the fact that plaintiff has been able to fully perform his job without pain since returning to full duty. At the time of the accident plaintiff worked a 5 day, 40 hour week for which he received $3.074 per hour, or $122.96 per week.
Four medical experts testified at the trial, Dr. Edward T. Haslam, who was called by the plaintiff, and Drs. George D. Berkett, William A. Roy and Wendell F. Lienhard, all three of whom testified for the defendant. Dr. Lienhard was the chief physician for defendant at the Chalmette Plant where plaintiff was employed. He saw plaintiff only in an administrative capacity and his testimony is not here material from a medical standpoint.
Dr. Roy, a general surgeon, was the treating physician. Plaintiff's counsel objected to this doctor's testimony on the grounds that copies of his medical reports were not furnished to counsel until the morning of the trial even though written requests had been made for such reports several months prior thereto. We deem it unnecessary to pass upon the objection in view of our acceptance of the trial court's finding of fact relative to the percentage of disability, which finding is favorable to the plaintiff. However, in connection with the assessment of penalties and attorney's fees it is proper to note that Dr. Roy was of the opinion that plaintiff had suffered no residual disability as a result of the injury to his finger.
Dr. Haslam, a specialist in the field of orthopedic surgery, saw plaintiff once and then on June 9, 1961. His examination revealed a good pad over the end of the amputation, which was insensitive to pin prick or touch, and a full range of motion of the finger joints with no evident circulatory changes. The main impairment to the function of the hand as a result of the amputation was in pinch and in three point prehension, the latter being described by the doctor as the usual maneuver involved in picking up small objects by using the thumb, the index finger and the long finger. Based upon a guide published in the February 15, 1958 edition of the Journal of the American *217 Medical Association, he was of the opinion that the plaintiff had a 40% partial disability of the injured index finger which resulted in an 11% disability of the hand and a 10% disability of the upper extremity.
Dr. Berkett, also an orthopedic surgeon, saw the plaintiff once and then on July 31, 1961. He found that the first joint retained full motion and was of the opinion that plaintiff did have some sensation in the area of the amputation. He felt that plaintiff had suffered a 10% permanent partial disability of the finger based on a loss of function in that finger as a result of the shortening to that extent. Using the same American Medical Association article as a guide as did Dr. Haslam, he felt that the 10% disability of the finger would result in a 2.5% disability of the hand and a 2.2% disability of the arm.
Defendant contends: 1st, plaintiff has suffered no compensable loss under the act; 2nd, alternatively in the event it should be found that a compensable loss has been suffered, compensation should be based on the proper percentage of loss of use of the finger and not of the arm; and 3rd, penalties and attorney's fees should not have been awarded. Should it be held that plaintiff has suffered a compensable loss, there is also a dispute as to the amount of credit to which defendant is entitled for wages paid to plaintiff for the 5 week period during which he worked on light duty and a dispute as to whether weekly compensation benefits should be computed on the basis of a five day or six day week.
In addition to LSA-R.S. 23:1202, the pertinent part of which sets maximum compensation at $35.00 per week, the portions of the workmen's compensation act which we must consider are set out under LSA-R. S. 23:1221 (4) and read as follows:
"(4) In the following cases the compensation shall be as follows:

* * * * * *
"(b) For the loss of a first finger, commonly called the index finger, sixty-five per centum of wages during thirty weeks.

* * * * * *
"(f) For the loss of an arm, sixtyfive per centum of wages during two hundred weeks.

* * * * * *
"(k) The loss of the first phalanx of the thumb or big toe, or two phalanges of any finger or toe, shall be considered to be equal to the loss of onehalf of such member, and the compensation shall be one-half of the amount above specified.

* * * * * *

"(o) In all cases involving a permanent partial loss of the use of function of the members mentioned hereinabove, compensation shall bear such proportion to the amounts named herein for the total loss of such members as the disability to such members bears to the total loss of the member, provided that in no case shall compensation for an injury to a member exceed the compensation payable for the loss of such member.
"(p) In cases not falling within any of the provisions already made, where the employee is seriously permanently disfigured about the face or head, or where the usefulness of a physical function is seriously permanently impaired, the court may allow such compensation as is reasonable and as in proportion to the compensation hereinabove specifically provided in the cases of specific disability, not to exceed sixty-five per centum of wages during one hundred weeks."
We are of the opinion that plaintiff has suffered a compensable loss under the act. While he has not sustained one of the specific losses set out under LSA-R.S. 23:1221(4), under our jurisprudence the plaintiff in a workmen's compensation suit who suffers both disability and loss of use of a bodily member may recover either for *218 the disability or the loss, whichever would produce the greater amount of compensation. Tyler v. Great American Indemnity Company, La.App., 116 So.2d 717; Jackson v. Steel Fabricators, La.App., 90 So.2d 397.
However, such recovery must relate to and be based upon the specific provision or provisions which refer to the loss of the particular bodily member injured, here the index finger. Subsection (o), which provides for cases involving a permanent partial loss of the use or function of the bodily members mentioned in the preceding subsections, is here applicable. Also applicable are subsections (b) and (k), which respectively provide for compensation for the loss of the index finger and for the loss of two phalanges of any finger, and not (f), as contended by the plaintiff, which provides for compensation for the loss of an arm.
Accepting the opinion of Dr. Haslam, as the trial court did, that plaintiff has suffered a 40% permanent partial disability (or loss of the use or function) of the index finger, we hold that he is entitled to recover 40% of 65% of wages during 30 weeks. This award is based upon the actual disability and is computed as provided in subsection (o). The case of Jones v. Hunter Co., La.App., 68 So.2d 240, is similar to the instant case in many respects and comes to the same conclusion as we reach here.
As we have stated above, at the time of the accident plaintiff worked 8 hours a day and 5 days a week, 40 hours each week, for which he received $3.074 per hour. His daily salary was $24.59. We must use the six day week in calculating his weekly wage for the purpose of determining compensation. Young v. Old Colony Insurance Company, La.App., 150 So.2d 892; Brown v. Benton Creosoting Co., La.App., 147 So.2d 89; Hoffman v. City of New Orleans, 240 La. 943, 125 So.2d 774; Carrington v. Consolidated Underwriters, 230 La. 939, 89 So.2d 399; Rylander v. T. Smith & Son, Inc., 177 La. 716, 149 So. 434. Therefore he is entitled to weekly benefits based upon the daily wage of $24.59 multiplied by six or $147.54. He is entitled to 40% of 65% of that weekly wage of $147.54 during 30 weeks under the quoted subdivisions (b) and (o). But 40% of 65% of $147.54 is equal to $38.36 which is in excess of the $35.00 maximum provided by LSA-R.S. 23:1202. Therefore, he must receive compensation at the rate of $35.00 per week for a period of 30 weeks, or a total sum of $1,050.00.
Plaintiff received $614.80 in wages paid during the five week period he was on light duty. Under our jurisprudence an employer is entitled to a maximum credit of $35.00 per week for each week he pays gratuitous wages to an injured employee; he cannot receive a credit in excess of $35.00 per week even though the amount of weekly wage so paid actually is in excess of $35.00. Delouche v. City of Monroe, La. App., 84 So.2d 259; Daigle v. Higgins Industries, La.App., 29 So.2d 374; Annen v. Standard Oil of New Jersey, La.App., 28 So.2d 46. Therefore, defendant is entitled to a credit of $35.00 for five weeks, or $175.00.
We next address ourselves to plaintiff's claim for penalties and attorney's fees under LSA-R.S. 23:1201.2, which provides for payment of such claims where the employer is not covered by insurance and where the failure to make such payment within 60 days after receipt of notice is found to be arbitrary, capricious or without probable cause.
Plaintiff was injured on June 30, 1960 and thereafter remained on light duty until he returned to his regular duties on August 5, 1960. He received his full wages at all times. His treating physician, Dr. Roy, was of the opinion that plaintiff suffered no residual disability. He did not make a demand for compensation until June 1, 1961, one month less than a year after the accident. At the time of that demand he had not been examined by Dr. Haslam and had no medical opinion to support his claim. Dr. Haslam made his examination on June 9, 1961. Dr. *219 Berkett made his examination on July 31, 1961. This suit was filed on August 8, 1961. Therefore, at the time plaintiff returned to his regular duties and for more than ten months thereafter, defendant had only one medical report, from a competent physician, to the effect that there was no loss of use or function; nor was there any indication during that time that plaintiff claimed any further compensation. In addition, plaintiff never sustained any loss or even diminution of his regular wages.
Under these circumstances, in view of the fact that without being arbitrary or capricious the employer may refuse to pay compensation when it relies upon competent medical advice (Bertrand v. Patterson Truck Line, La.App., 138 So.2d 663; Vidrine v. American Employers Insurance Company, La.App., 129 So.2d 288; Luce v. New Hotel Monteleone, La.App., 106 So.2d 121; Jones v. Employers Mutual Liability Ins. Co. of Wis., La.App., 114 So.2d 602; Martin v. Great American Indemnity Company, La.App., 75 So.2d 415; Chamberlin v. Maryland Casualty Co., La.App., 75 So.2d 366) and in view of the fact that the act is primarily designed to insure the payment of weekly compensation to an employee so that he may subsist during his period of disability (see Walters v. General Accident & Fire Assur. Corp., Ltd., La.App., 119 So.2d 550; Smith v. Houston Fire & Casualty Insurance Co., La.App., 116 So.2d 730; Guillory v. Coal Operators Casualty Company, La.App., 95 So.2d 201; Duplechien v. States Exploration Company, La.App., 94 So.2d 460; Blackwell v. Wimberly, La.App., 53 So.2d 814; Goodman v. Hillyer, Deutsch, Edwards, Inc., La.App., 49 So.2d 60), we are of the opinion that penalties and attorney's fees should be disallowed.
For the reasons assigned, the judgment appealed from is amended by decreasing the compensation benefits which defendant is therein condemned to pay to plaintiff from $10.00 per week for a period of 200 weeks to $35.00 per week for a period of 30 weeks, subject to a credit of $175.00 for compensation paid and by entirely eliminating from said judgment the awards of penalties of 12% on all overdue compensation payments and attorney's fees in the sum of $1,000.00. As thus amended, and in all other respects, the judgment appealed from is affirmed; costs of this appeal to be paid by the defendant-appellant.
Amended and affirmed.