BAILES, Judge.
Plaintiff, Albert Johnson, filed this suit against his employer, Barworth, Inc., and its compensation insurance carrier, Hartford Accident and Indemnity Company, to recover the maximum compensation benefits for an alleged total and permanent disability, and in addition, he claims that he is entitled to be awarded 12 per cent penalties and all reasonable attorney’s fees for the reason that the insurer of the employer was arbitrary, capricious and acted unreason *351 ably in discontinuing compensation payments on or about April 4, 1963, while plaintiff was still disabled.
The trial court awarded the plaintiff the maximum compensation benefits as prayed for, but denied his claim for penalties and attorney’s fees. The defendants did not appeal from this judgment. The plaintiff, feeling aggrieved by the denial of penalties and attorney’s fees, appealed and urges this court to amend the judgment to include these claims.
The plaintiff makes an assignment of five errors committed by the trial court, and we will discuss them in the order in which they are enumerated in his brief. The first specification is: “I. The lower court judge was in error in not assessing penalties and attorney fees.”
As it appears from the record, the plaintiff, a common laborer, was injured on December 7, 1962, while unloading cement. Within a matter of hours he was a patient in a hospital under the care and treatment of a general practitioner. He was discharged from the hospital on December 21, 1962, but remained under the care of this physician. While in the hospital he was seen by an orthopedist who consulted with the general practitioner as to the regime of treatment. It appears that the last time he saw his physician was on February 12, 1963. At this time the care of the plaintiff was turned over to the orthopedist, and under whose care he remained continuously through trial date.
The defendant insurance company had the plaintiff examined by another orthopedist of Baton Rouge, this examination being on April 3, 1963. This doctor found no disability and was of the opinion that he could return to full duty. On the basis and strength of this report, compensation payments were discontinued.
If we had no other information to go on or to consider, the question of penalties and attorney’s fees might be much closer to decide, however, it is found in the testimony of the treating orthopedist that he, on March 8, 1963, encouraged plaintiff to return to light work; that on March 28, 1963, he found the plaintiff doing “pretty good.” All of the medical experts testified that the physical difficulty of the plaintiff, that is the presence and absence of objective physical findings of disability, could be an off and on affair. None of the plaintiff’s medical witnesses thought that it was unreasonable that the examination of April 3, 1963, failed to disclose disability.
We find that compensation payments were discontinued on the strength and basis of an opinion of a competent medical expert specializing in orthopedics that the plaintiff was not disabled to perform his full duties. In relying on the expert medical opinion of this doctor, we do not find that defendants acted arbitrary, capricious or without probable cause.
In determining whether an insurer was arbitrary, capricious or acted without probable cause, the actual correctness of the medical opinion or advice is not the controlling factor. See: Watson v. Floyd Electric Company, (1954) La.App., 75 So.2d 361; Martin v. Great American Indemnity Company, (1954) La.App., 75 So.2d 415; Finley v. Hardware Mutual Insurance Company, (1959) 237 La. 214, 110 So.2d 583; Richmond v. Weiss & Goldring, (1960) La.App., 124 So.2d 601; Vidrine v. American Employers Insurance Co., (1961) La.App., 129 So.2d 288; O’Neal v. French Unique Laundry & Cleaners, (1963) La.App., 149 So.2d 431; and Federick v. National Surety Corporation, (1963) La.App., 149 So.2d 436.
The next specification of error assigned by plaintiff is: “II. Having once found that plaintiff, Albert Johnson, was totally and permanently disabled, the lower court judge was in error in not assessing defendants for the medical expenses incurred for *352 medical examinations of Albert Johnson in proving his case.”
Appellant has not cited or referred the court to any provision of the workmen’s compensation law or to any jurisprudential authority of this state or any other state, that would serve as a basis for assessing the defendants with the costs for medical expenses incurred for medical examination of a claimant to prove his case in court. In essence, appellant is complaining because, after his case was fixed for trial, the defendants secured an order of the trial court to permit one of its doctors to reexamine appellant. In order to refute and in an attempt to offset, if possible, the testimony of this expert and that of the court appointed expert, appellant obtained additional medical experts to “prove” his case. In this specification, appellant is complaining because the court did not allow him recovery for the expenses of these additional medical experts. We find no error of the trial court herein.
The next specification of error is: “III. The lower court was in error in not assessing as costs of court the expert witness fees charged by the individual doctors for their appearing and testifying.” [emphasis added by the court.]
 Again appellant has not cited this court any statutory authority or any case wherein this court is authorized to assess as cost the value that each individual medical witness may consider his appearance as a witness in court is worth. The courts make every endeavor to be reasonable and to keep the fees of all expert witnesses, including doctors, in tune with the economic times. It is only in the sense of reasonableness that the legislature has provided for the payment of witness fees. The State could very well require that all witnesses, including expert witnesses, shall appear in court without payment of any fee. The appearance of an expert as a witness insofar as the court is concerned is not a matter of contractual relationship but rather a matter of necessity in the furtherance of justice. Therefore, it is not a matter that addresses itself to the evaluation of the particular witness, but is a subject to be considered in the light of what is fair and reasonable both to the party cast and to the witness called. The court must and does reserve the right to fix expert witness fees. See LSA-R.S. 13:3666.
 Further, the fixing of expert witness fees can best be done by the trier of of the case. It must be addressed to the sound discretion and judgment of the trial judge, with the appellate court to review any complaint by any party litigant who feels aggrieved.
Should the trial court refuse or neglect to fix the fees of expert witnesses, the appellate court will do so if there is sufficient evidence in the record on which an evaluation can be made. See: Pohl v. American Bridge Division, U. S. Steel Corporation, (1959) La.App., 109 So.2d 823. We find no error of the trial court on this specification.
Another error alleged by plaintiff is: “IV. The lower court judge was in error in appointing an unqualified self-styled ‘specialist in orthopedics’ Dr. (name omitted by the court), over the objection of plaintiff’s counsel after defendants had been given a chance to have the doctor of their choice examine Albert Johnson.”
We are not too sure that we understand exactly what the appellant is complaining about in this specification unless he is obj ecting to the trial court appointing a medical expert to examine the appellant at the request of the defendants; that the court should not have acted on the defendants’ request because defendants had him examined already by a doctor of their choice. As we view the question of appointing of medical experts by the court, it is controlled by LSA-R.S. 23:1123. This section, though, should be considered in the light of the preceding sections, that is, Sections 1122 and 1121. Section 1123, provides:
*353 “If there be any dispute thereafter as to the condition of the employee, the court, upon application of either party, shall order an examination of the employee to be made by a medical practitioner appointed by the court. The fees of such examiner shall be fixed by the court at not more than ten dollars, and shall be paid in advance by the applicant. The medical examiner shall report his conclusions from the examination to the court, and such report shall be prima facie evidence of the facts therein stated in any subsequent proceedings under this Chapter.”
We fail to find that the doctor appointed by the court was an unqualified or self-styled specialist in orthopedics. The doctor testified as to his training in orthopedics, which very probably the trial court was aware of at the time of the appointment. It well may be that one doctor is more qualified than another on any given subject, but that does not render all those that are “less qualified'” unqualified. We do not find that by reason of the fact the defendants had the appellant examined by a doctor or doctors of their choice, the trial judge should not consider their application to have appellant examined by a doctor to be appointed by the court. If there is a dispute between the medical opinion for the claimant and the medical opinion of the employer or insurer, either party has the right to make application to the court for a court appointed medical practitioner to examine claimant. In fact, there is no statutory requirement that the court appoint a specialist. The statute says “a medical practitioner.” We find no error of the trial court on this specification.
Finally, the appellant complains that: “V. The lower court judge was in error in twice requiring Albert Johnson to be examined by physicians of defendants choice so as to cause the plaintiff to incur a great deal more medical expenses and loss of time in having further medical examinations made in order to prove his case.” It appears that appellant is complaining because the court twice required Albert Johnson, the appellant, to be examined by doctors of defendants’ choice, and by reason of the two different examinations, appellant was required to obtain further examinations in order to prove his case. It would further appear that the complaint here is tied to second specification of error treated supra.
It would seem to us that appellant’s complaint (but not an error of the trial judge) is directed to the express provisions of the Workmen’s Compensation Law, namely: LSA-B..S. 23:1121, which provides:
“An injured employee shall submit himself to an examination by a duly qualified medical practitioner provided and paid for by the employer, as soon after the accident as demanded, and from time to time thereafter as often as may be reasonably necessary and at reasonable hours and places, during the pendency of his claim for compensation or during the receipt by him of payments under this Chapter. (Italics by the court.)
The only requirement, as we read this section of the compensation law is that the examination be reasonably necessary and that it be done at reasonable hours and places. Between injury and judgment of the trial court, a few days more than one year elapsed. If appellant is complaining of only two examinations required during that period of time, we fail to find any abuse of discretion by the trial court. Moreover, it appears that the record is devoid of any objection being raised in the trial court or to the trial judge.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.