TATE, Judge.
The District Court awarded the plaintiff compensation benefits for total and permanent disability. The defendant, his employer’s compensation insurer, appeals, contending chiefly: (1) that the plaintiff is not now disabled from performing his former duties as heavy truckdriver; and (2), alternatively, any'disability that he may have is caused by an earlier accident of February 1, 1956 while working for the same employer, and not by the subsequent accident of March 8, 1958 as claimed, so that in the event of such alternative finding the defendant’s plea of prescription should be sustained and the suit dismissed.
*580 As to the first issue, despite the able argument of counsel for the appellant, we agree with the trial court that the preponderance of the medical evidence proves that the plaintiff Rials has been since March 8, 1958 and is now permanently disabled, by reason of a ruptured or protruding lumbar disc, from the performance of the heavy-manual labor in which engaged at the time of an accident of said date. We see no need to detail the testimony to this effect of Doctors Ratcliffe (attending physician, a general practitioner and general surgeon), Phillips (orthopedist),'and Jackson (neurosurgeon), as somewhat corroborated by the testimony of Dr. Hamilton (orthopedist; who on his single examination of the plaintiff, soon after compensation payments were terminated, found him to be disabled but by a lumbar sprain rather than a disc syndrome) ; and as contradicted only by the testimony of Dr. Ledbetter, orthopedist, who gave detailed reasons for his opinion that the plaintiff was not disabled, but who with commendable frankness admitted that the other specialists could with equal honesty have made contrary findings on their examinations on different dates (Tr. 131, 135-136).
As to the second issue, the evidence shows the following: On February 1, 1956, two years before the present accident, the plaintiff fell some eight feet from his large butane delivery truck; was hospitalized for nine days with disability diagnosed as “contusion and lumbo sacro ligamentous strain of the back”; and was upon his discharge from the hospital furnished with a brace and allowed to return to work for his same employer on February 25th. The plaintiff fully and completely performed all the duties required of him as a truckdriver thereafter, except for a short disability between December 23, 1957 and January 2, 1958 diagnosed as a “possible disc syndrome”, until on March 8, 1958 he stepped off his truck in an awkward, twisting way, imposing a strain on his back and immediately suffering excruciating pain which has persisted thereafter. He was hospitalized the same day, with a diagnosis of ruptured intervertebral disc.
He was paid weekly compensation through October 16, 1958. This suit was filed April 11, 1959.
The crux of the defendant’s position is that the disability subsequent to March 8, 1958, after a temporary flare-up had subsided, was merely a continuation of the preexisting disability caused by the accident of February 1, 1956, suit for which is prescribed, so that his present disability is not compensable. Broussard v. R. H. Gracey Drilling Co., 227 La. 882, 80 So.2d 850.
The evidence, however, shows that the disability following the accident of March 8, 1958, has been much greater and far more painful, so that the plaintiff is now completely unable to perform the duties of his occupation, as compared with his condition prior to this last accident, before which he suffered some discomfort and was occasionally required to wear a back brace, but nevertheless was able to perform all the duties of his occupation. Such an accidental aggravation at work of a less disabling into a more disabling condition is compensable as total disability (Carlino v. United States F. & G. Co., 196 La. 400, 199 So. 228; Bynum v. Maryland Cas. Co., La.App. 1 Cir., 102 So.2d 547, certiorari denied; Stansbury v. National Auto. & Cas. Co., La.App. 1 Cir., 52 So.2d 300; Brock v. Jones & Laughlin Supply Co., La.App. 1 Cir., 39 So.2d 904), even though the earlier disability if caused by industrial injury might likewise have been so compensable (Finley v. Hardware Mut. Ins. Co., 237 La. 214, 110 So.2d 583; see Bynum, Stansbury, and Brock cases, cited above).
We thus affirm the trial court’s finding that the plaintiff is permanently and totally disabled as a result of the accident of March 8,1958, and accordingly its judgment is
Affirmed.