136 So.2d 143 (1961)
Fred MITCHELL, Plaintiff-Appellee,
v.
TRAVELERS INSURANCE COMPANY, Defendant-Appellant.
No. 404.
Court of Appeal of Louisiana, Third Circuit.
December 11, 1961.
Rehearing Denied January 15, 1962.
Certiorari Denied February 20, 1962.
Cunningham & Cunningham, by W. Peyton Cunningham, Sr., Natchitoches, for defendant-appellant.
Gahagan & Gahagan, by Russell E. Gahagan, Natchitoches, for plaintiff-appellee.
Before TATE, SAVOY, and HOOD, JJ.
TATE, Judge.
The plaintiff was awarded workmen's compensation benefits for total and permanent disability arising put of an accident at work as an oil field worker on July 19, 1959. The defendant, his employer's insurer, has appealed. The plaintiff has answered the appeal requesting the award of certain additional amounts.
Our learned trial brother summarized the issues and his holding as follows:
"The sole question involved in this suit is whether or not the plaintiff was disabled, as contemplated by Workmen's Compensation Act, to do the same or similar work, on the day of trial, and if so whether caused by an accident which admittedly occurred *144 on July 19th 1959 or [instead] by an accident which admittedly occurred about three years earlier.
"Since the plaintiff actually worked as a roughneck for several months immediately before the accident in July 1959, it would be difficult to hold that he was unable to do that kind of work during the period that he was actually doing it, and therefore any disabling injury that he was now suffering from, if any, would necessarily have to stem from the second accident.
"Now the injury of July 1959 was caused when plaintiff fell eight or ten feet from a monkey board on a derrick and he was stopped at that point when caught by his safety belt. It must have been quite a jerk for at least two ribs were broken and plaintiff claims his back was reinjured. Counsel for the defendant deftly points out acts of misbehavior and even fraud on the part of plaintiff and earnestly contends that many months had passed before plaintiff complained with his back and that it was nothing more than an after thought and without basis in fact.
"However considering the previous back injury, the nature and severity of the accident, the testimony of the plaintiff, who actually was in better position to know than anyone else, the testimony of his kin people, the testimony of Dr. Pierson and above all the testimony of Dr. Faludi, who stated that as of Sept. 16th 1960 that this man is in need of treatment and should not return to manual labor at this time, I must find for plaintiff. * * *"
Eminent counsel for the defendant-appellant urges that the trial court was in error for several reasons. Basically, counsel urges that any present disability of the claimant was not caused by the accident of July 19, 1959, but stems instead from an accident occurring in 1956 three years earlier when the claimant, while working for another employer, had sustained a herniated intervertebral disc. Counsel also points out several suspicious circumstances surrounding the present claim of the plaintiff that he was disabled by the 1959 accident, and he also suggests that the trial court was in error allowing weight to the lay testimony.
As to the first (or 1956) accident, the evidence shows that the more active symptoms of the herniated disc were relieved by surgery, following which a compromise was confected with the insurer of the 1956 employer based upon the plaintiff's claim of continued total and permanent disability. Finding himself symptom-free in October of 1958, about eight months before the present accident, the claimant returned to oil field work and thereafter successfully performed his heavy duties, under the uncontradicted evidence of himself and two co-employees, until he was involved in the present (or second) rather serious accident of July 1959.
Of course, even if the claimant was symptom-free following the first or 1956 accident, he may nevertheless have been considered totally disabled for purposes of the compensation act, because "a residual condition is legally disabling and compensable if, as a residual from an accidental injury, the possibility of a re-occurrence of a disabling condition upon a return to work is substantially increased as a result of the accident, as compared with the danger of such occurrence being caused by performance of the work before the accident," Guidry v. Michigan Mutual Liability Co., La.App. 3 Cir., 130 So.2d 513, 515. See Finn v. Delta Drilling Co., La.App. 1 Cir., 121 So.2d 340, certiorari denied. Nevertheless, the second accident, if it produces an aggravation of the previously latent disability or a disabling intensification of previously mild complaints, also entitles the injured employee to compensation for total disability *145 from his employer at the time of the second accident, as we recently held under somewhat similar circumstances in Rials v. Hartford Accident and Indemnity Co., La. App. 3 Cir., 127 So.2d 579, at 580, where we summarized the jurisprudence as follows:
"* * * Such an accidental aggravation at work of a less disabling into a more disabling condition is compensable as total disability (Carline v. United States F. & G. Co., 196 La. 400, 199 So. 228; Bynum v. Maryland Cas. Co., La.App. 1 Cir., 102 So.2d 547, certiorari denied; Stansbury v. National Auto. & Cas. Co., La.App. 1 Cir., 52 So.2d 300; Brock v. Jones & Laughlin Supply Co., La.App. 1 Cir., 39 So.2d 904), even though the earlier disability if caused by industrial injury might likewise have been so compensable (Finley v. Hardware Mut. Ins. Co., 237 La. 214, 110 So.2d 583; see Bynum, Stansbury, and Brock cases, cited above)."
The testimony of the orthopedist testifying for the plaintiff shows that the claimant is now disabled and affords ground for the further finding that, if he was symptom-free before the accident, then that the present disability results from inflammatory changes in the scar tissue from the original operation or from a protrusion of additional disc matter at a lower level, caused in either event by the trauma sustained in the second accident at work in 1959. Following the second accident and upon the recurrence of complaints of pain, the plaintiff had voluntarily submitted to a myelogram of the injured area of his back. The x-ray findings shown by this myelogram showed a defect of the nerve root sleeve at L-5 S-lI (the earlier disc injury had been one interspace higher, at L-4-LL-5), suggestive of these causes of the disability, according to this witness.
This orthopedist did admit, however, that the defect could represent a scarring of the tissue resulting from the earlier operation. However, he felt that most probably such defect, together with other definite positive findings of renewed pain, were indicative of an aggravation by the second injury resulting in inflammation of the scarring, if not of an additional or of a new slight disc herniation at a lower level than the earlier injury.
The two orthopedists who examined the claimant for the defendant noted symptoms indicative of a disc injury, which one of them felt probably were residual from the first (or 1956) injury. Both were of the opinion that a myelogram might be of benefit in the determination of whether additional pathology or a recurrence of the disc condition justified further surgery to end the disability, Tr. 29, 32-33. Their examinations of the claimant were made before the myelogram was taken pursuant to such recommendation; but the defendant did not introduce (or possibly request) the opinion of these latter two orthopedists as to the findings suggested by the positive myelogram which was then taken subsequent to their examination.
The argument is further made by the defendant that, under the testimony of the orthopedist testifying for the plaintiff, the pain should have resulted immediately after the 1959 accident, if the accident had in fact re-activated the old disc injury or caused a new one. Certain circumstances are pointed out by the defendant as indicating the plaintiff's complaints began much later. On the other hand, the testimony of the plaintiff and certain lay witnesses does indicate that the complaints of pain referrable to the lower back did begin soon after the accident; or, as the plaintiff stated, "I discovered pain in my back" when the severe pain that resulted from the fractured ribs had somewhat subsided. Tr. 128.
The plaintiff and many lay witnesses testified as to his symptom-free condition prior to the second accident, when he performed *146 the hard work of his oil field occupation without difficulty, as compared with the constant complaints of severe back pain thereafter, producing changes in his gait, etc.
Insofar as able counsel contends that compensation cannot be allowed because essentially the recovery depends upon whether the claimant is telling the truth that he was symptom-free of the effects of the first accident during the four or five months that he worked for the defendant's assured prior to the second accident and that he now suffers disabling pain, the courts have consistently held that, since only the claimant knows whether he suffers or does not suffer pain, then proof of disability by reason of pain must to some often large extent depend upon the trial court's evaluation of the veracity of the injured employee's complaints in the light of all the surrounding circumstances. See, e.g., Vidrine v. American Employers Insurance Company, La.App. 3 Cir., 129 So.2d 288, certiorari denied; Schram v. Lake Charles Ready-Mix, Inc., La.App. 3 Cir., 125 So.2d 213; Bynum v. Maryland Cas. Co., La.App. 1 Cir., 102 So.2d 547, certiorari denied. And in the present instance, for example, the defendant could very easily have produced co-employees to contradict the testimony of the claimant and his witnesses that he performed his heavy oilfield duties without pain or difficulty prior to the accident, had the contrary in fact been the case.
Primarily, the plaintiff's recovery depends upon the correctness of his testimony that he had become symptom-free prior to the second accident and that subsequent thereto he suffers disabling pain. For the preponderance of the medical evidence indicates that, if this history is correct, then the second accident produced a further or additional disc injury which is now the cause of his present disability.
Essentially, then, the plaintiff's recovery depends upon an evaluation of his credibility in the light of the surrounding circumstances. As the above cited cases show, this is primarily the function of the trial court, the ruling of which will not be reversed upon review in the absence of manifest error. See e.g., Richard v. Barber Bros. Co., La.App. 1 Cir., 112 So. 2d 168; Bynum v. Maryland Cas. Co., La.App. 1 Cir., 102 So.2d 547, certiorari denied. See also: Rhodes v. Sinclair Refining Co., 195 La. 842, 197 So. 575.
In this connection, various circumstances relied upon by the appellant as indicating that the claimant may not have been as straightforward as he should, addressed themselves primarily to the trier of fact, which has the primary responsibility to evaluate the credibility of the claimant and of the other witnesses. The trial court, having considered these circumstances in addition to all the other circumstances reflected by the record, accepted the plaintiff's testimony and held that the present disability resulted from the present or 1959 accident. On review we find no manifest error in such conclusion, so the award of compensation for total and permanent disability is affirmed. The test for recovery of compensation is the disability of the claimant, not his moral character. Johnson v. Calcasieu Paper Company, La.App. 1 Cir., 95 So.2d 659, certiorari denied.
The plaintiff has answered the appeal requesting an award for certain drugs purchased by him because of his injury, and also requesting statutory penalties for the allegedly arbitrary failure of the defendant insurer to pay him compensation during his disability. We find no error in the trial court's holding that insufficient evidence was educed as to justify a recovery for the former item, nor in its finding that, under the circumstances reflected by the record, the defendant's failure to pay compensation was not so arbitrary as to entitle plaintiff the statutory penalties under LSA-R.S. 22:658.
*147 For the foregoing reasons, the judgment of the trial court is affirmed at the cost of the appellant.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.