168 So.2d 861 (1964)
Herbert L. CHASE, Plaintiff-Appellee,
v.
WARREN PETROLEUM CORPORATION et al., Defendants-Appellants.
No. 10235.
Court of Appeal of Louisiana, Second Circuit.
October 30, 1964.
Rehearings Denied December 1, 1964.
*862 Theus, Grisham, Davis, Leigh & Brown, Monroe, for appellants.
Bass & Lawes, Lake Charles, for appellee.
Before HARDY, GLADNEY and AYRES, JJ.
HARDY, Judge.
This is a suit by plaintiff seeking recovery of workmen's compensation benefits as for total permanent disability. After trial there was judgment in favor of plaintiff for the maximum weekly amount for a period not exceeding 400 weeks, subject to a credit for wages paid in lieu of compensation during the period of October 7, 1961 to April 17, 1962, inclusive, and a further credit of $2,253.00 paid plaintiff by defendant employer. From this judgment defendants have appealed and plaintiff has answered the appeal, praying for the amendment of the judgment by eliminating the credit of $2,253.00, and by the allowance of statutory penalties and attorney's fees.
There is no dispute as to the occurrence of an employment accident on October 6, 1961, as the result of which plaintiff sustained a back injury. The questions presented for determination on this appeal relate to the extent of plaintiff's disability; the effect upon his claim, if any, of the existence of a degree of disability prior *863 to the occurrence of this accident; the basis of compensation; the correctness vel non of the allowance of a credit to the extent of $2,253.00; and, finally, the right to penalties and attorney's fees.
On behalf of defendant employer and its compensation insurance carrier, it is urged that plaintiff had sustained a serious back injury in 1944 while a member of the Armed Forces; that he re-injured his back in the year 1957; and that he sustained another minor recurrence of back pain in March of 1961. The gist of the argument is that, as a result of the above incidents, plaintiff was suffering a substantial degree of disability prior to the accident of October 6, 1961, and, therefore, is not entitled to compensation.
In consideration of this contention, it is necessary to examine the record as to the facts and the conclusions which are indicated by the medical testimony. Plaintiff began work for defendant, Warren Petroleum Corporation, as a mechanic in 1946 and continued in the course of this employment until the accident of October 6, 1961. After the accident plaintiff's condition was diagnosed as a back sprain with a flare-up of an old lumbar disc injury and he was referred to Dr. Heinz K. Faludi, a neuro-surgeon of Shreveport, for treatment, whose examination was the basis for the diagnosis of an aggravation of a long standing disc herniation and a consequent process of deterioration. This diagnosis was confirmed by a myelogram and on October 24, 1961, Dr. Faludi performed an operation, with satisfactory results. The surgeon's report of April 10, 1962, recommended a return to work on April 16th, provided that heavy lifting or severe twisting or bending of the back be carefully avoided. Plaintiff returned to light work at his regular wages and continued in this nature of employment until the latter part of September, 1962, when he was discharged. We think a reasonable interpretation of the testimony of the attending surgeon, Dr. Faludi, leads to the definite conclusion that plaintiff was not able to perform the full duties of his employment after returning to work. Although counsel for defendants rather summarily dismisses the testimony of other medical experts tendered on behalf of plaintiff, we think their reports are entitled to serious consideration. It was the consensus of these medical experts, Dr. Dean H. Echols of the Ochsner Clinic in New Orleans, Dr. Howard Young Sigler, an orthopedic surgeon of Dallas, Texas, and Dr. J. A. Colclough, a neurosurgeon of New Orleans, that plaintiff had sustained permanent physical impairment and was not capable of returning to the full duties of his former employment. It is true that these conclusions resulted from single examinations by each of these specialists, but it is significant, despite this limitation, that their conclusions accord with those of Dr. Faludi, who was intimately acquainted with plaintiff's condition and his medical history.
We think there is no question as to the correctness of the finding of the district judge that plaintiff was totally and permanently disabled following the accident of October 6, 1961. The fact that this disability resulted from an exaggeration of a pre-existing condition is of no moment. We think it well settled by our jurisprudence that an accident which causes a greater degree of disability than that which existed prior to such accident is fully compensable; Rials v. Hartford Accident & Indemnity Co. (La.App. 3rd Cir., 1961), 127 So.2d 579, and cases therein cited; Mitchell v. Travelers Insurance Co. (La. App.3rd Cir., 1962, writs denied), 136 So. 2d 143; Anderson v. Continental Can Co.(La.App. 2nd Cir., 1962), 141 So.2d 48; Federick v. National Surety Corporation (La.App. 3rd Cir., 1963), 149 So.2d 436.
It is further relevant to take into consideration plaintiff's excellent work record with the defendant employer over a period of more than fifteen years, and the fact that during this period he had never asserted any claim for compensation despite the injury to his back in 1957 and a brief flare-up of back trouble in March, 1961.
*864 There is some complaint in brief of counsel for defendants on the point that plaintiff failed to produce medical reports relating to his service-connected injury of 1944. We do not perceive that these reports would be particularly relevant in view of our finding that plaintiff was suffering from some degree of disability which pre-existed that sustained in the accident which is the basis of this suit. Nor can we conceive any prejudice to the defense resulting from this omission.
Alternatively, it is urged that plaintiff, if he is found to be entitled to any compensation, should be limited to an award for a period of one hundred weeks. Authorities cited in support of this position are Griffin v. Liberty Mutual Ins. Co., La. App., 131 So.2d 153; Coffey v. Transport Ins. Co., La.App. 138 So.2d 158, and Ball v. American Marine Corp., La.App., 150 So.2d 865. The facts and conclusions reached in the cited cases are readily distinguishable from those which are established in the instant case. Defendants have no right to relief on this ground in view of our conclusion that plaintiff's disability was total and permanent and resulted from the accident of October 6, 1961.
We are next concerned with the question of the correctness of the credit against compensation as allowed by the district judge in the sum of $2,253.00. Although the judgment does not explain the source of this payment, the record definitely establishes the fact that upon the termination of plaintiff's employment by dismissal he received the amount in question as severance pay. At the time of his discharge in September, 1957, plaintiff was fifty-seven years of age, had been employed by defendant, Warren Petroleum Corporation, for a period exceeding fifteen years, and it was the plaintiff's uncontradicted testimony that the amount paid represented a retirement benefit which was due any employee upon termination of his service if he had attained the age of fifty-five years and had a minimum service of fifteen years. It is clear beyond any peradventure that plaintiff received payment of the sum of $2,253.00 as a retirement benefit to which he was entitled and for which he was eligible under the age and service provisions above noted.
Although we find no authority in the jurisprudence of this State which is directly in point, we do think there is ample authority for the conclusion that an employer is not entitled to a credit for any amount unless it was paid and received as compensation. The case which comes nearest paralleling the facts on this point is Rhodus v. American Employers Ins. Co. (La.App. 1st Cir., 1942), 9 So.2d 821. The court squarely held that the amount of a pension granted plaintiff by his employer could not be credited against compensation, and observed that it saw no connection between such a pension and workman's compensation.
Other cases which sustain the same line of reasoning are Walters v. General Accident & Fire Assurance Corp. (La.App. 1st Cir., 1960), 119 So.2d 550; Pope v. Coney (La.App. 1st Cir., 1960), 119 So.2d 136; France v. City of New Orleans (La.App. Orl., 1957), 92 So.2d 473, and Haskett v. City of Shreveport (La.App. 2nd Cir., 1944), 17 So.2d 385. These cases held, respectively, that voluntary payments by an employer do not justify a credit against compensation in the absence of an express agreement to such effect between employer and employee; that medical payments in excess of statutory requirements do not justify the allowance of a credit against compensation in the absence of an agreement; that an amount received as representing an accumulation against sick leave is not to be considered as a credit against compensation, and that amounts paid to an injured employee are not allowed as credits against compensation in the absence of definite proof that they were so intended.
It is perhaps superfluous to note that in other jurisdictions severance pay or retirement benefits have been considered to be in the nature of wages earned and not as gratuities dependent upon the arbitrary will *865 of the employer; Owens v. Press Publishing Co., 34 N.J.Super. 203, 111 A.2d 796, and 20 N.J. 537, 120 A.2d 442; In Re Brooklyn Citizen, Inc., Sup., 90 N.Y.S.2d 99; In re Public Ledger, 3 Cir., 161 F.2d 762.
In our minds there is no possible connection between plaintiff's entitlement to retirement benefits or severance pay and his right to payment of compensation. These rights are separate and distinct and neither is dependent upon the other. It follows that the allowance in favor of defendant employer as a credit against compensation payments was error and to this extent the judgment must be amended.
Finally, we have carefully reviewed the arguments advanced by counsel for plaintiff with reference to the claim for penalties and attorney's fees and the authorities cited in support thereof. Notwithstanding the pronouncements of the cases relied upon, we are constrained to note that each case involving this question must be resolved upon the basis of the facts established by the record. In the instant case defendants were justified to some extent in interpreting Dr. Faludi's report as sustaining a conclusion that plaintiff had been released to return to full duty after a period of light work, and further in considering that the small percentage of bodily disability failed to constitute total and permanent disability. These conclusions might have reasonably been reached in good faith by the defendants. It was only when all facts were presented and analyzed after trial that the proper conclusion of total permanent disability could be reached. This was effected by judicial pronouncement. We find no indication of any willful, capricious or arbitrary action on the part of defendants in denying plaintiff's claim. Penalties are stricti juris and should be enforced only in those instances in which the facts clearly negate good faith and just cause in connection with the refusal of the allowance of compensation; Charleston v. American Ins. Co., (La.App. 1st Cir., 1961, writs denied), 136 So.2d 495; Cahee v. United States Casualty Co. (La.App. 2nd Cir., 1956), 86 So.2d 631; Puchner v. Employers' Liability Assurance Corp., 198 La. 921, 5 So.2d 288.
For the reasons assigned the judgment appealed from is amended by eliminating the credit of the sum of $2,253.00 allowed as a credit against payment of compensation, and, as so amended, it is affirmed at appellant's cost.