TATE, Judge
(dissenting).
I respectfully dissent from the dismissal of the plaintiff’s claim for the loss of his *239 eye. I do so with great respect for that commonsense and balance exhibited by the majority opinion: for in my opinion the majority’s restrictive interpretation taken of the compensation act violates its legislative intent.
Before the accident, the cornea of th,e plaintiff’s left eye had been injured. His only remaining vision in this eye was hand motion within a foot. He had resisted previous advice to have the eye removed.
The majority concedes that as a result of an accident at work, it became necessary to remove this left eye. The majority rejects the claim for loss of the eye, however, since the vision in it was already useless for industrial purposes.
Nevertheless, the legislature has specifically provided that, without regard to disability or cosmetic disfigurement, an employee is entitled to an award of 65’% of his wages during one hundred weeks “for the loss of an eye”. LSA-R.S. 23:1221(4) (i). We may think the employee is better off without the eye that God gave him, but he does not.
I see no warrant for refusing to follow the express legislative provision entitling this employee to an award for the loss of his eye. Our holding in this respect is in direct conflict with that of our brothers of the First Circuit in Haas v. Globe Indemnity Co., 16 La.App. 180, 132 So. 246, an opinion authored by the late scholarly Judge (later, Justice) Sam A. LeBlanc.
The jurisprudence considers the accidental loss of the visual function equivalent to the accidental loss of an eye. This does not, nevertheless, justify us in depriving the workingman of his right to compensation for the actual loss of an eye, as provided by the statute.
The majority fears that, conceivably, an employee might receive dual awards: one, for traumatic loss of visual function; and, subsequently, for loss of the eye itself, should a second accident cause it.
This dual award has not yet occurred and is not likely to be a problem of major proportions. Nevertheless, if it did occur, it is comparable to the possibility of receiving dual awards for total disability, long recognized by our compensation act. An accidental aggravation at work of a less disabling into a more disabling condition is compensable as total disability (Carlino v. United States F. & G. Co., 196 La. 400, 199 So. 228; Bynum v. Maryland Cas. Co., La.App. 1 Cir., 102 So.2d 547, certiorari denied; Stansbury v. National Auto. & Cas. Co., La.App. 1 Cir., 52 So.2d 300; Brock v. Jones & Laughlin Supply Co., La.App. 1 Cir., 39 So.2d 904), even though the earlier disability if caused by industrial injury might likewise have been so compensa-ble (Finley v. Hardware Mut. Ins. Co., 237 La. 214, 110 So.2d 583; Rials v. Hartford Accident and Indemnity Company, La.App. 3d Cir., 127 So.2d 579).
Furthermore, I am unable to see why the plaintiff is not entitled to an award for serious permanent disfigurement about the face under LSA-R.S. 23:1221(4) (p).
With an artificial eye, the plaintiff’s appearance may be improved over that of his natural eye, whitened as it was (due to scarring of the cornea). However, when this artificial eye is removed, the plaintiff is far more disfigured with the sightless hole in his head.
One might similarly contend that an employee with false teeth is better off than with his half-way decayed natural teeth. The jurisprudence has neverthless consistently allowed disfigurement-impairment of function awards for loss of the natural teeth: Though upon insertion of false dentures his appearance and chewing may be improved, without dentures he has no teeth. See e. g., Frugé v. Hub City Iron Works, Inc., La.App. 3d Cir., 131 So.2d 593, certiorari denied.
I therefore respectfully dissent.