305 So.2d 707 (1974)
George DUNCAN
v.
R. J. REYNOLDS, INC., and Aetna Casualty and Surety Company.
No. 6534.
Court of Appeal of Louisiana, Fourth Circuit.
December 10, 1974.
Rehearing Denied January 14, 1975.
Jerome M. Volk, Jr., Robert A. Collins, of Windhorst, Heisler, De Laup & Wysocki, New Orleans, for George Duncan, plaintiff-appellee.
Lemle, Kelleher, Kohlmeyer & Matthews, Paul B. Deal, New Orleans, for R. J. R. Foods, Inc. and Aetna Casualty and Surety Co., defendants-appellants.
Before GULOTTA, BOUTALL and BEER, JJ.
BOUTALL, Judge.
The defendant, R. J. Reynolds, Inc. and Aetna Casualty and Surety Co., appeal *708 from an award of total and permanent disability rendered by the trial court.
The facts are these: In July of 1970 Duncan sustained a severe back injury while working for the present defendants. This injury required Duncan to undergo a laminectomy for removal of a herniated disc. As a result of that operation Duncan incurred about a 10% body disability. The present defendants paid all of Duncan's medical bills for the operation and paid him compensation benefits of $6,250.00. A lawsuit for this accident, brought by plaintiff, is presently pending.
Following the accident of 1970 Duncan returned to work for defendant on light duty, however, he later assumed the full duties of his job as a warehouseman. In August and September of 1972 Duncan was treated for lifting injuries to his back. On October 19, 1972 Duncan sustained another lifting injury which became the object of this suit.
Dr. Vogel has been plaintiff's treating physician since the injury of 1970. He diagnosed plaintiff's injury of October, 1972 as acute lumbrosacral strain and prescribed conservative treatment and physiotherapy. On January 16, 1973 plaintiff was discharged by Dr. Vogel, who stated in his report that the symptoms of the lumbosacral strain had resolved. When defendants received this report they stopped plaintiff's compensation benefits and plaintiff instituted this suit for total and permanent disability benefits.
Following the lifting incident of October, 1972, Duncan was involved in a car accident on November 10, 1972. Duncan has filed suit for that accident and is alleging acute lumbrosacral strain as one element of damage.
There are thus basic questions presented on this appeal. Is plaintiff disabled under the Workmen's Compensation Act, and if so, was the accident of October, 1972 the cause of his disability?
Plaintiff's work was that of a warehouseman or lineman, and his particular duties at the time of injury in July, 1970 and October 1972 required him to place a heavy wooden pallet on the floor near the end of the production line, lift cases of molasses, etc. from the line and place them on the pallet. In the course of this operation his back "popped" or "snapped out of place" and he couldn't straighten up. It is plaintiff's contention that he can no longer do this work or work of a similar nature; that he can no longer compete in the general labor market because no one will hire him for heavy labor as soon as his physical condition is ascertained.
The only medical testimony at the trial was that of Dr. Vogel, plaintiff's treating physician since July 1970, and his uncontradicted testimony supports plaintiff's disabilities. Although he stated that plaintiff was relatively asymptomatic on January 16, 1973, he did not consider that this meant plaintiff was relieved of his disability. To the contrary, he testified that plaintiff should not return to his former occupation. He was careful to point out that such a back condition as plaintiff's could have a percentage of medical disability placed upon it, but this was meaningless unless related to the physical activity demanded by his employment. He recommended that plaintiff refrain from strenuous physical activity, that he restrict himself from pushing, pulling or lifting heavy objects over 50 pounds, that he avoid continual bending and stooping.
The doctor pointed out that because of the length of time plaintiff suffered pain and the recurring symptoms of another exacerbation, it was reasonable to expect that plaintiff's continuance in his job would cause further injury and raise his pain to an intolerable level. Accordingly, he recommended plaintiff change his employment to one of a less strenuous nature. Plaintiff did not return to his former employment, but now works as a night-watchman and a security guard.
*709 In support of the medical testimony, Duncan and his wife testified as to his off-the-job disabilities. Duncan cannot do many of the things an ordinary healthy person can do; for example, take out his garbage, put on his own shoes, lift his baby from the floor, and get into his bathtub without assistance.
The medical testimony of Dr. Vogel and the lay testimony of plaintiff and his wife, plus the lack of any contradictory evidence by defendants leads us to the conclusion that plaintiff is totally and permanently disabled within the meaning of the Workmen's Compensation Act. The trial court found and we agree, that the limitations imposed on plaintiff are such as to prevent him from undertaking a substantial number of different operations ordinarily open to a common laborer and he is substantially handicapped in competing with able bodied workers in the flexible market for common labor. L.S.A.-R.S. 23:1221 (2); Futrell v. Hartford Accident & Indemnity Company, 276 So.2d 271, (La.S.Ct.1973); Simien v. Haas-Hirsch Estate, 278 So.2d 836 (La.App. 3rd Cir. 1973); Christophe v. Southern Bridge Co., 250 So.2d 822 (La.App. 1st Cir. 1971).
The other issue raised on this appeal is the causal connection between the accident of October, 1972 and plaintiff's present disability. Defendant contends that plaintiff suffers his disability as the result of the injury and operation in 1970, or alternatively from the car accident of November, 1972, and not because of the accident in October, 1972.
The trial court found that the accident of October 19, 1972 aggravated the pre-existing condition and resulted in the plaintiff's present physical condition. The evidence substantiates this finding. Dr. Vogel testified that as a result of the prior laminectomy, the plaintiff had suffered a 10% medical disability. This he considered to be permanent. This disability, however, he did not consider to be disabling per se in a job related sense. He considered that the fact that after the operation, plaintiff had undergone a course of therapy, then embarked upon employment with light duties and gradually worked himself into a position where he could accomplish his usual job demonstrated this position. He then considered that plaintiff had later suffered mild exacerbation of symptoms, and then in October, 1972 a rather severe exacerbation of symptoms has now caused plaintiff's back to reach that condition wherein it is certain that he could no longer do the same job. He felt it immaterial that the October injury be considered, at least from his standpoint, as a new injury or as an aggravation of the prior injury for there was no way he could tell exactly which. Its effect was to weaken plaintiff's back so that he could no longer carry on. As he put it, it changed plaintiff from one actually gainfully employed and able to engage in employment with only a tolerable degree of pain to a patient who has an intolerable degree of pain and was evidently unable to return to work after what was probably an aggravating incident.
Dr. Vogel further ruled out the automobile accident of November 10, 1972 as a contributing factor to plaintiff's disability. The Doctor had just seen plaintiff on November 7, 1972, and his testimony makes it clear that plaintiff was at that time suffering from severe lumbosacral pain and spasm and that when he saw plaintiff shortly after the accident, his neurologic findings were not as positive after the accident as prior to the accident.
This issue is basically one of fact and our revaluation of the evidence contained in the record causes us to agree with the trial judge. The jurisprudence has consistently held that an aggravation of a preexisting condition is fully compensable. Mitchell v. Travelers Insurance Company, 136 So.2d 143 (La.App. 3rd Cir. 1961). One of the basic requirements is that the employee be symptom free before the aggravating accident. Our review of the record discloses that plaintiff was indeed suffering no symptoms for a number *710 of months after returning to his usual job prior to the October, 1972 accident. In this regard, we further refer to the case of Chase v. Warren Petroleum Corporation, 168 So.2d 861 (La.App. 2d Cir. 1964) wherein the claimant's back injury was predated by a serious back injury and two minor recurrences before the disabling occurrence. In that case the court said at 168 So.2d 863:
"We think there is no question as to the correctness of the findings of the district judge that plaintiff was totally and permanently disabled following the accident of October 6, 1961. The fact that this disability resulted from an exaggeration of a pre-existing condition is of no moment. We think it well settled by our jurisprudence that an accident which causes a greater degree of disability than that which existed prior to such accident is fully compensable."
The last issue before us is posed by plaintiff's answer to the appeal. The trial court awarded total and permanent disability payment in the sum of $45.00 per week, and plaintiff points out that he is entitled to $49.00 per week. We find, and appellant agrees, that the proper weekly amount is $49.00, and the judgment should be so amended.
Accordingly, we are of the opinion that the judgment appealed from should be amended to increase the weekly payments to the sum of $49.00 per week, and as thus amended, the judgment is affirmed at appellant's costs.
Amended and affirmed.
BEER, J., dissenting with written reasons.
BEER, Judge (dissenting).
I respectfully dissent. I completely agree that Duncan is disabled within the applicable provisions of the Compensation Act. But I do not attribute his disability to the minor incident of October 19, 1972 or, for that matter, to the minor automobile accident of November 10, 1972.
Dr. Vogel, the treating physician, reported that the strain which resulted from the lifting incident of October 19, 1972 was resolved by January of 1973, approximately three months later and felt that Duncan's condition had returned to the status that existed prior to the October 19th, incident. On receipt of that medical report, defendant-appellants stopped the payment of compensation benefits vis-a-vis that injury.
I believe that Duncan has actually been disabled within the applicable provisions of the Compensation Act since his serious injury in July of 1970. For reasons not clear in the record, that issue, though the subject matter of another law suit, has never been litigated to a conclusion. Nevertheless, I believe that Duncan has actually been disabled since July of 1970, and the award should be on that basis, with defendant-appellants receiving a credit on a week by week basisfor wages paid in lieu of compensation and/or compensation payments.