319 So.2d 866 (1975)
Joseph L. SINEGAL, Plaintiff-Appellant,
v.
TRAVELERS INSURANCE COMPANY, Defendant-Appellee.
No. 5139.
Court of Appeal of Louisiana, Third Circuit.
October 8, 1975.
Ware & Bertrand by Ronald J. Bertrand, Rayne, for plaintiff-appellant.
Davidson, Meaux, Onebane & Donohoe by James E. Diaz, Lafayette, for defendant-appellee.
Before DOMENGEAUX, WATSON and BEER, JJ.
BEER, Judge.
This case arises from an alleged industrial accident suffered by plaintiff-appellant, Joseph L. Sinegal, while working at Broussard Rice Mill in Acadia Parish on August 31, 1973. Defendant, Travelers Insurance Company, is the workman's compensation insurer of the Broussard Rice Mill. The District Court concluded that Sinegal had failed to show by a preponderance of evidence that he was injured as a result of any accident during the course and scope of his employment at Broussard Rice Mill and rendered judgment dismissing his claim at his costs. We affirm.
Sinegal sustained injury to his lower back in a previous industrial accident on March 17, 1972 while employed at Central Bottling Corporation. He received compensation until January 23, 1973 and then settled his claim for an additional payment of $10,000.
In August of 1972 Sinegal was in an automobile accident in Jennings, Louisiana, which, according to the suit he thereafter filed, resulted in lower back injuries. In August of 1973 Sinegal went to work for Broussard Rice Mill where, two days after he commenced employment, he allegedly suffered an injury to his lower back.
The Trial Court's findings with respect to this are particularly significant and we quote from his Reasons for Judgment as follows:
"On the second day of work, August 31, 1973, the plaintiff claims that he slipped, fell and injured his low back. The man that was working with the plaintiff at the time of the so-called accident, *867 testified that the plaintiff tried to pay him FIVE HUNDRED AND NO/100 ($500.00) DOLLARS to testify in his favor. This co-employee testified that the plaintiff said he had hurt himself in an automobile accident, was still suffering at the time he was working for Broussard Rice Mill . . . . At no time did the plaintiff mention hurting his back on the job.
"The testimony of the supervisor, Gene Gotreaux, and the rest of the employees of Broussard Rice Mill was that the plaintiff made no mention of any accident involving an injury to his back although he had repeated opportunities to have done so. The miller, Exall LeBlanc, testified he fired the plaintiff for loafing on the job the day after the plaintiff had the alleged accident and the plaintiff said nothing of being hurt on the job. The supervisor testified he knew nothing of the alleged accident until receipt of the demand letter by the plaintiff's attorney.
"The plaintiff supposedly got hurt on August 31st but did not go to a doctor until September 10, 1973. Instead of going to see his family doctor, Dr. Bearden in Jennings where the plaintiff lives, he went to see Dr. Segura in Crowley, presumable at his attorney's request."
The jurisprudence is well settled that the plaintiff in a workmen's compensation claim carries the burden of proof, as in other civil cases. Equally well settled is this rule:
"Where the plaintiff has had several prior injuries to the same part of his body and has had considerable experience in making workmen's compensation claim, the court will look with great suspicion on the asserted claim and will examine the claim with particular care." Card v. Southern Builders, Inc., 117 So. 2d 675 (La.App.1960).
We concluded that the Trial Court was correct in its findings of fact and in the law applied thereto. The judgment of the Trial Court is affirmed at plaintiff-appellant's cost.
Affirmed.