BOWES, Judge.
This case comes to us on appeal from a judgment rendered in the 24th Judicial District Court, finding the plaintiff, Richard Clark, totally and permanently disabled under the Workmen’s Compensation laws of our state. We affirm the findings of the trial court.
Plaintiff claimed injury to his back on April 21, 1981, when he reached out while helping a co-worker turn over a skid (weighing an estimated 1,000 pounds). He felt a sharp pain in his back. One week later, on April 28th, plaintiff again felt “something pull in his back” when he moved to grab another skid, one which was falling as he welded on it.
Plaintiff reported the incident to his foreman and, on the next day, sought medical treatment. He was ultimately given a 25-30% disability rating to his entire body, after a diagnosis of two abnormal disc levels, at L4-5 and L5-S1. Mr. Clark was advised that he could not return to heavy labor, nor any jobs that require heavy lifting, a lot of twisting, bending, stooping, prolonged driving, or truck driving. The complaints were related by the physicians at trial to an exacerbation of a previous injury, in 1978, to the same general area of the back. (Plaintiff had been injured while employed as a pipefitter for the Department of the Army, for which he received a permanent-partial disability of 20% to his back). Based on this finding, plaintiff filed his claim for compensation and was found *494 by the court to be totally and permanently disabled within the meaning of the Workmen’s Compensation Act.
Briefly, the trial judge stated that although there were no eyewitnesses to the accident, the testimony of plaintiff’s coworkers corroborated plaintiff’s version and found that an injury had, in fact, occurred. This finding was buttressed by “the fact that Clark was an excellent student at Air-eo Technical Institute during his learning period and was, in fact, ready, willing and able to work as a welder. It was also shown that Clark received a special award for having the highest average in his training course. Clark averred that his condition had improved greatly and, in fact, was able to seek and gain employment as a welder with Aqua Air.” These findings are amply supported by the record. Further, the trial judge found an increased degree of disability from the accident at Aqua Air than the 1978 accident, all supported by the medical evidence.
Defendant, Aqua Air Industries, Inc., urges that the trial court erred:
A) In finding that an accident on the job at Aqua Air Industries, Inc. did in fact happen on April 28, 1981;
B) Finding that the alleged accident of April 28, 1981 aggravated the plaintiff’s pre-existing injury;
C) Finding that the plaintiff carried the burden of proving that the April 28, 1981 injury permanently aggravated the plaintiff’s condition and made it worse than it was prior to the alleged accident.
D) In finding that Richard Clark was totally and permanently disabled.
Defendant argues that there were no eyewitnesses to the April 28th incident, the one after which plaintiff could no longer work, and that Mr. Clark’s credibility had been seriously impeached at trial. Therefore, defendant would have this Court conclude that plaintiff “is not worthy of belief.”
Certainly, many of the points made by defendant in this regard would tend to jeopardize plaintiff’s reputation for complete honesty. However, the particular injury in question is the issue before this Court, and we agree with the trial judge that the corroborating evidence supports plaintiff’s claim. Kevin Praut, a co-worker of Mr. Clark’s, recalled an incident in April of 1981, in which he heard a skid fall, and, upon investigating, was told by Mr. Clark that he (plaintiff) had hurt his back. Plaintiff reported the incident to his foreman immediately, went home and sought medical help on the next day. Mr. Clark’s version of the incident was consistent throughout all the medical reports. We conclude there was no manifest error in the trial court’s finding that an accident had in fact occurred. The medical evidence introduced at trial supports this conclusion. Plaintiff did, in fact, suffer two ruptured discs, diagnosed by Drs. Crasco and Llewelyn, and suspected in his earliest treatment by Dr. DiLeo.
Additionally, plaintiff had amassed an excellent record at Aireo Technical School, while training as a welder, which training required heavy lifting. Plaintiff had achieved the highest ratings in his class, and had evidently been able to perform his job for a couple of- weeks before April 28th. Those same facts which lead us to believe that plaintiff suffered an injury compel us to a conclusion that such injury aggravated the pre-existing condition, exacerbating plaintiff’s back problems permanently. A subsequent automobile accident, in which plaintiff was involved in December of 1981, was found by Dr. DiLeo not to have caused “too much more difficulty that he already had.”
When presented with the documented picture of a plaintiff, able to complete strenuous training classes as a welder and then work for some weeks, and who, post-incident, became unable to perform any heavy or prolonged manual labor, we find that Clark discharged his burden óf proving that an accident had occurred and that it had aggravated his previous condition.
Defendant correctly asserts that, in such a situation, we are obligated to exam *495 ine Mr. Clark’s claim with particular care, because of his pre-existing condition. Sinegal v. Traveler’s Insurance Co., 319 So.2d 866 (La.App. 3rd Cir.1975). Even looking at such a claim “with great suspicion”, Sine-gal, supra, we find the evidence supports plaintiff’s claim. The medical conclusions remain uncontradieted, and unrebutted. Plaintiff showed an accident, a disability, and the necessary causal connection mandated by our jurisprudence. Further, we agree with our brothers in the Third Circuit that the proper standard for determining whether an accident is the legal cause of the disability is simply whether the accident has changed the plaintiff’s condition so as to render him disabled and unfit' for his former employment. Abshire v. Dravo Corp., et al., 396 So.2d 521 (La.App. 3rd Cir.1981), citing Allen v. Milk Haulers Inc., 278 So.2d 871 (La.App. 1st Cir.1973). Plaintiff has undoubtedly met this standard.
It is well established that workmen’s compensation is payable when an occupational accident aggravates or accelerates a pre-existing condition and produces disability. Miller v. Olin Kraft, Inc., 395 So.2d 902 (La.App. 2d Cir.1981); Chism v. Kaiser Aluminum & Chemical Corp., 332 So.2d 784 (La.1976); Johnson v. Traveler’s Ins. Co., 284 So.2d 888 (La.1973). An aggravation of a pre-existing condition is fully compensable, so long as the employee is symptom-free before the aggravating accident. Duncan v. R.J. Reynolds, Inc., 305 So.2d 707 (La.App. 4th Cir.1974). Because Clark sought and received the services of a chiropractor, for relief of back pain for some time shortly before the accident, defendant avers that the plaintiff was not symptom-free, and cannot, therefore, receive benefits.
The Duncan case, quoting with approval from Chase v. Warren Petroleum, 168 So.2d 861 (La.App. 2nd Cir.1964) does not demand that a plaintiff be free from pain relating to the pre-existing condition. Rather, the question is whether or not the subsequent injury causes a greater disability than that which existed prior to the accident. In Abshire, supra, the plaintiff was awarded compensation for an aggravation to a pre-existing injury when he was “suffering a tolerable degree of pain until he was struck by the falling piece of sale and that pain then increased to an intolerable level.” (supra, 396 So.2d at p. 524). We believe that Richard Clark, like the plaintiffs in the above-quoted case, was rein-jured while employed at Aqua Air to a degree which rendered any further such work unendurable.
Defendants contend that if Mr. Clark is found disabled, then he should not be found totally and permanently disabled, citing certain portions of testimony of plaintiff’s vocational expert. We find this contention without merit. Mr. Gorman was qualified to testify as an expert in the fields of job placement and development, non-medical testing of physical and mental abilities, and vocational administration. He testified that any work which Mr. Clark would be able to perform would be of limited quality, dependability or quantity, and that there is no reasonably stable market for his labor activities. No substantial employment could be found for Mr. Clark in the New Orleans-Jefferson area and defendant did not show that some reasonably-suitable work is regularly available to the plaintiff. Accordingly, we are of the opinion that this case clearly falls under the “odd lot” doctrine.
Under the “odd lot” test4 as announced in Oster v. Wetzel Printing, Inc., 390 So.2d 1318 (La.1980), an injured employee is entitled to total, permanent disability compensation if he is not able to perform any services other than those which are so limited in quality, dependability, or quantity that a reasonably stable market for them does not exist, so that he falls into the “odd lot” category, unless the employer or insurer establishes that reasonably suitable work is regularly available to the employee. See also LSA-R.S. 23:1221(2); Lattin v. HICA Corporation, 395 So.2d 690 (La.1981).
Crockett v. St. Paul Ins. Co., 413 So.2d 949 (La.App. 1st Cir.1982)
*496 For the foregoing reasons, we affirm the judgment of the trial court finding Richard Clark is totally and permanently disabled within the meaning of the Workmen’s Compensation Act.
AFFIRMED.