DRAKE, J.,
concurring in result only.
|,I concur in the result of the majority opinion for the reasons set forth below.

Res Judicata

The burden of proving the facts essential to sustaining the objection is on the party pleading the objection and if any doubt exists as to the application of res judicata, the objection raising the peremptory exception of res judicata must be overruled and the second lawsuit maintained. Landry v. Town of Livingston Police Department, 10-0673 (La.App. 1 Cir. 12/22/10), 54 So.3d 772, 776.
In Mitchell v. Travelers Ins. Co., 136 So.2d 143 (La.App. 3d Cir.1961), a claimant was injured while at work. He had previously suffered a similar injury three years earlier. The court held that if the second accident produced an aggravation of the previously latent disability or a disabling intensification of previously mild complaints, the injured employee was entitled to compensation for total disability for the second accident. Id. at 144-145.
In the present case, the claimant returned to work after the 2005 accident. Even if he did have dizziness, it was not until after the second accident that he claims he was totally unable to work. See Employers Liability Assurance Corp. v. General Accident, Fire, & Life Assurance Corp., 148 So.2d 425, 432-33 (La.App. 1 Cir.1962), writ denied, 244 La. 114, 150 So.2d 583 (1963). In Duncan v. R.J. Reynolds, Inc., 305 So.2d 707 (La.App. 4 Cir.1974), the claimant injured himself while at work. Two years later he again *833 injured himself with the same employer. It was determined that the second accident aggravated the pre-existing condition and resulted in the claimant’s current condition. An aggravation of a preexisting condition is fully compensable. Id. at 709.
Even though Davis had dizzy spells pri- or to the 2010 accident, at no time did it disable him or prevent him from working. The employer knew the claimant had dizzy spells but did not believe they were an impediment to his working. Prior to the 2010 accident, the dizzy spells had lessened in frequency, and at the time of the accident, Davis had not had a dizzy spell for several months and had not seen Dr. Sheik for seven months.
After the 2010 accident, the dizzy spells were exacerbated in frequency and severity. In the days following the accident, the claimant had, nearly daily, dizzy spells, nausea, and attacks causing him to fall, and he was temporarily unable to drive. Davis was unable to resume his duties as a personnel and delivery driver because of his inability to drive. Davis was not diagnosed with Meniere’s disease until after his 2010 accident. Dr. Peter Roland, who testified on behalf of Davis, opined that Meniere’s disease started with the 2005 head injury, but that it was greatly exacerbated by the 2010 automobile accident.
Furthermore, the fact that an employee has received compensation in one or more previous compromise settlements will not bar him from collecting compensation for another injury. Sibley v. Solvay Process Co., 25 So.2d 101, 103 (La.App. 1 Cir.1946). Davis claims that his 2010 accident exacerbated his pre-existing injuries. The compromise relied upon by defendant does not contain a waiver of future accidents or future injuries. In Davis v. The Home Depot, 96-850 (La.App. 5 Cir. 2/25/97), 690 So.2d 208, writ denied, 97-0728 (La.5/1/97), 693 So.2d 740, the plaintiff injured her back while working for defendant in 1990. She reinjured her back in 1994 while working for the defendant. The claimant had settled the 1990 claim, and the defendant filed an exception of res judicata. The court found that the trial court was manifestly erroneous in finding that claimant was barred by res judicata from bringing suit for the 1994 injury. The court noted that the claimant alleged that she was injured again in the 1994 accident.
Transactions and compromises regulate the differences that appear clearly to be comprehended in them by the parties and they do not extend to differences which the parties never intended to include in them. The burden of proof in the present case is clearly on defendant to establish the requisites for a valid compromise, including the parties’ intent to settle the differences being asserted in the action in which it is interposed. Even when valid, releases of future actions are narrowly construed by the courts to assure that the parties fully understand which rights have been released, and further, that they understand the resulting consequences. As a result, if the release instrument leaves any doubt as to whether a particular future action is covered by the compromise, it should be construed as not covering such future action. Davis, 690 So.2d at 212.
The court in Davis found that the claimant did not waive any future accidents or future injuries. Furthermore, under La. R.S. 13:4231, the cause of action, which arose in 1994 after the rendition of the final compromise judgment, could not have been asserted earlier and was, therefore, not precluded by that compromise judgment.
Similarly, the claimant in the present case has brought a claim for an injury which occurred after the compromise judgment. He also claims an ^aggravation of the condition which resulted from the 2005 *834 accident or that another injury occurred in 2010. Therefore, the workers’ compensation judge committed manifest error in granting the exception of res judicata.

Course and Scope

Because the majority affirms the exception of res judicata, it does not discuss the issue of whether the accident was in the course and scope of claimant’s employment. However, the workers’ compensation judge stated in the judgment, “And, even if not barred by Res Judicata, claimant John L. Davis failed to carry his burden of proof that he suffered a work related accident with injury during the course and scope of employment with defendant.”
Claimant argued that because he was on call twenty-four hours a day, this automobile accident was employment related. Contrary to claimant’s assertion, the mere fact an ■ employee is “on call” does not automatically give rise to employer liability. Rather, an employee’s “on call” status simply gives rise to a question of whether the employee was acting within the scope of his employment at the time of the accident. See Migliore v. Gill, 11-407 (La. App. 5 Cir. 12/13/11), 81 So.3d 900, 903, writ denied, 12-0094 (La.3/9/12), 84 So.3d 555. There is no twenty-four hour liability rule for on-call employees, but rather, the nature of the employee’s activities at the time of an accident is determinative of whether compensation is owed. Id.
There is no evidence in the record that Davis was on-call at the time of this accident. Therefore, the workers’ compensation judge correctly held that Davis did not prove he suffered a work related accident with injury during the course and scope of his employment with defendant. Consequently, I would dismiss claimant’s suit for failure to carry his burden of proof at trial.